**Brian P. BARRON, Plaintiff, Appellant,**

v.

**NIGHTINGALE ROOFING, INC.,
Defendant, Appellee.**

No. 86–2082.

United States Court of Appeals,
First Circuit.

Submitted Dec. 11, 1987.

Decided March 17, 1988.

Before CAMPBELL, Chief Judge,
COFFIN and SELYA, Circuit Judges.

PER CURIAM.

This appeal presents the question whether § 402 of the Vietnam Era Veterans Readjustment Assistance Act, 38 U.S.C. § 2012, creates a private right of action in favor of a Vietnam veteran against a private government contractor.

I.

Appellant, Brian P. Barron, commenced an action in the district court for the District of Maine against appellee, Nightingale Roofing, Inc. In his complaint, Barron alleges that on November 21, 1983, he applied for a position as a roofer with Nightingale and was hired that same day. He states that he is an experienced roofer. When he applied for this job, Barron informed Nightingale's representative that he was a Vietnam veteran who suffered from Post Traumatic Stress Disorder, a disability that would not interfere with his job performance. On November 28, 1983, Barron contends that a representative of Nightingale informed him that, in fact, he had not been hired for the position of roofer. Barron alleges that the position subsequently was filled by an inexperienced roofer who was not a Vietnam veteran. Barron claims that Nightingale's actions violate § 402.

Nightingale moved to dismiss Barron's complaint, pursuant to Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief could be granted. Specifically, Nightingale argued that § 402 did not create, either explicitly or implicitly, a private right of action in favor of persons such as Barron. On November 24, 1986, the district court granted Nightingale's motion to dismiss. In a short opinion, it held that § 402 did not create any private right of action and that Barron could only enforce his rights under the statute by following the administrative claim process established by the statute and the regulations. This appeal ensued. We affirm.

## II.

Section 402 does not, on its face, grant a right of action to private parties. Rather, it provides, in relevant part:

§ 2012. Veterans' employment emphasis under Federal contracts

(a) Any contract in the amount of $10,-000 or more entered into by any department or agency for the procurement of personal property and non-personal services (including construction) for the United States, shall contain a provision requiring that the party contracting with the United States shall take affirmative action to employ and advance in employment qualified special disabled veterans and veterans of the Vietnam era.

. . . . .

(b) If any special disabled veteran or veteran of the Vietnam era believes any contractor of the United States has failed to comply or refuses to comply with the provisions of the contractor's contract relating to the employment of veterans, the veteran may file a complaint with the Secretary of Labor, who shall promptly investigate such complaint and take appropriate action in accordance with the terms of the contract and applicable laws and regulations.

38 U.S.C. § 2012.

To determine whether we can imply a cause of action under § 402, we turn to the analysis laid out in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975). The question is basically one of statutory construction and the focus is on whether Congress intended to create a private remedy. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 15–16, 100 S.Ct. 242, 245, 62 L.Ed.2d 146 (1979). Under *Cort*, we consider four factors: (1) whether the plaintiff is a member of the class for whose *"especial* benefit" the statute was enacted; (2) whether there is any indication of legislative intent either to create a private remedy or to deny one; (3) whether it is consistent with the purposes of the legislative scheme to imply a private cause of action; and (4) whether the cause of action is one traditionally relegated to state law.

*Cort,* 422 U.S. at 78, 95 S.Ct. at 2087–88 (citations omitted). (emphasis in original).

Without discussing factors one and four, we find that the second and third *Cort* factors prevent the implication of such a cause of action. A review of the legislative history concerning § 402 reveals no indication, one way or the other, that Congress ever considered the question; the history is simply silent on the issue. The only mention of enforcement of § 402 is a statement that "[t]he committee intends that the complaint procedures outlined in section 2012(b) to afford remedies to those disabled and Vietnam era veterans who believe that a contractor has failed to comply with affirmative action provisions *be actively implemented and enforced by the Department of Labor."* Sen.Rep. No. 94–1243, 94th Cong., 2d Sess., *reprinted in* 1976 U.S.Code Cong. & Admin.News 5241, 5367 (emphasis added). This reference to the legislative provision for enforcement of § 402 by the Department of Labor weighs against the implication of a private right of action and brings us to the third *Cort* factor—whether a private cause of action would be consistent with the underlying purposes of the legislative scheme.

The regulations covering the complaint process, set out at 41 C.F.R. § 60–250.20 *et seq.,* contain detailed procedures for the enforcement of § 402. Section 60–250.-26(a) provides that complaints may be filed with the Veterans' Employment Service of the Department of Labor through the Local Veteran's Employment Representative or his or her designee at a local state employment office. Such complaints will be referred to the Director of the Office of Federal Contract Compliance Programs of the Department of Labor or his or her designee. *Id.* The Department of Labor is to institute a "prompt" investigation and to develop a complete case record. *Id.* § 60–250.26(e). If the Director decides not to pursue administrative or legal proceedings against the contractor because there is no violation of § 402, the complainant must be notified; within 30 days he or she then may request a review of this decision. *Id.* § 60–250.26(g)(1). If the investigation indi-

cates that there has been a violation, "conciliation and persuasion" will first be attempted in an effort to resolve the problem. *Id.* § 60–250.26(g)(2).

If informal procedures do not lead to a resolution of the matter, § 60–250.28(b) provides that "the Director may, within the limitations of applicable law, seek appropriate judicial action" to enforce a contractor's duties under § 402. The Director also may withhold progress payments, terminate the contract or debar a contractor from receiving future contracts from the government. *Id.* § 60–250.28(c)–(e). A formal hearing is required before the Director takes action under subsections (c) through (e) or if a contractor requests a hearing. *Id.* § 60–250.29. Section 60–250.32 provides that "[t]he procedures set forth in the regulations in this part govern *all* disputes relative to a contractor's compliance with the affirmative action clause and the requirements of this part." (emphasis added).

We have recited the regulations in some detail because they indicate that the implication of a private cause of action would conflict with the purpose of the legislation. We believe that the provision of such a comprehensive administrative enforcement scheme reflects Congress' intent that the supervision of § 402's affirmative action requirement be left to the Department of Labor. It is hard to imagine that a judicial cause of action, while explicitly granted to the Director, would have been inadvertently omitted as to private parties. Moreover, to allow private suits very well might result in the breakdown of the orderly procedure the regulations obviously contemplate. In fact, this is made clear by § 60–250.32's statement that the regula-

tions "govern *all* disputes" concerning § 402. (emphasis added).

Where a particular remedy is provided, "a court must be chary of reading others into it." *Transamerica,* 444 U.S. at 19, 100 S.Ct. at 247. Because there are no indicia to the contrary, we conclude that Congress did not intend to provide a Vietnam veteran with a private cause of action under § 402. Other courts that have addressed this issue agree with our conclusion. *See Roddy v. Shong,* 33 Fair Empl. Prac.Cas. (BNA) 1399, 1402 (N.D.Ohio 1983) [Available on WESTLAW, 1983 WL 654]; *De Leon Cruz v. Loubriel,* 539 F.Supp. 250, 251 (D.P.R.1982); *Butler v. McDonnell–Douglas Saudi Arabia Corp.,* 93 F.R.D. 384, 389 (S.D.Ohio 1981).

We also note that § 402 contains language similar to the language in § 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793(b), and that the regulations for the enforcement of § 503 are almost identical to those for the enforcement of § 402. Nine courts of appeal have held that there is no private right of action under § 503.[1] This supports the result we reach today.

The judgment of the district court is therefore

*Affirmed.*

---

1. *Hodges v. Atchison, Topeka and Sante Fe Ry. Co.,* 728 F.2d 414, 416 (10th Cir.), *cert. denied,* 469 U.S. 822, 105 S.Ct. 97, 83 L.Ed.2d 43 (1984); *Painter v. Horne Bros., Inc.,* 710 F.2d 143, 144 (4th Cir.1983) (per curiam); *Beam v. Sun Shipbuilding & Dry Dock Co.,* 679 F.2d 1077, 1078 (3d Cir.1982); *Fisher v. City of Tucson,* 663 F.2d 861, 867 (9th Cir.1981), *cert. denied,* 459 U.S. 881, 103 S.Ct. 178, 74 L.Ed.2d 146 (1982); *Davis v. United Air Lines,* 662 F.2d 120, 127 (2d Cir.

1981), *cert. denied,* 456 U.S. 965, 102 S.Ct. 2045, 72 L.Ed.2d 490 (1982); *Simon v. St. Louis County,* 656 F.2d 316, 319 (8th Cir.1981), *cert. denied,* 455 U.S. 976, 102 S.Ct. 1485, 71 L.Ed.2d 688 (1982); *Simpson v. Reynolds Metals Co., Inc.,* 629 F.2d 1226, 1244 (7th Cir.1980); *Rogers v. Frito–Lay, Inc.,* 611 F.2d 1074, 1085 (5th Cir.), *cert. denied,* 449 U.S. 889, 101 S.Ct. 246, 66 L.Ed.2d 115 (1980); *Hoopes v. Equifax, Inc.,* 611 F.2d 134, 135 (6th Cir.1979).