**FIRST AMERICAN NATIONAL BANK, Plaintiff,**

v.

**STRAIGHT CREEK PROCESSING COMPANY, et al., Defendants.**

**Civ. A. No. 3:90CV00580.**

United States District Court,
E.D. Virginia,
Richmond Division.

Feb. 28, 1991.

---

Jacob Stroman, IV, William Harry Schwarzschild, III, Robert Edward Eicher, Williams, Mullen, Christian & Dobbins, Richmond, Va., for plaintiff.

James Winston Tredway, III, Christian, Barton, Epps, Brent and Chappel, Richmond, Va., for George R. Desko, Everette F. Thaxton, Barbara P. Wulfmeier, Descoals, Inc.

Everette G. Allen, Jr., Michael Paul Falzone, Hirschler, Fleischer, Weinberg, Cox and Allen, Richmond, Va., for William S. Floyd, Walter B. Ford, Peter W. Stroh, A.T. Hastings.

## MEMORANDUM OPINION

RICHARD L. WILLIAMS, District Judge.

This matter is before the Court on Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1) of the Rules of Civil Procedure.

■ Defendants allege, and Plaintiff does not contest, that two limited partners of Defendant Straight Creek Processing Company are citizens of Tennessee. Plaintiff First American is also a citizen of Tennessee. It is the established law of this Circuit that "for the purposes of diversity the citizenship of a limited partnership is determined by considering the citizenship of all its partners, both general and limited." *New York State Teachers Retirement System v. Kalkus*, 764 F.2d 1015, 1019 (4th Cir.1985). In the absence of complete diversity, this Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

Plaintiff does not dispute the law, but moves the Court to dismiss the nondiverse parties in order to preserve jurisdiction. In answer to Defendants' claim that this dismissal might produce subsequent litigation, Plaintiff argues that Straight Creek can be joined as a third party defendant under the Court's ancillary jurisdiction. The proper scope of ancillary jurisdiction in third-party practice has been fully briefed by the parties.

■ The Court will not reach the issue of third party joinder, however, because it finds that it has no jurisdiction to consider Plaintiff's motion to dismiss the non-diverse parties. Before the Court can exercise ancillary jurisdiction, it must have jurisdiction over the principal action. *See* Wright & Miller, Federal Practice & Procedure, § 3523, 82 (1984). A finding that the Court lacks jurisdiction deprives it of the power to take action in the case. *Stewart v. United States*, 199 F.2d 517 (7th Cir. 1952). Once a Court finds that it lacks jurisdiction in a case, the only option available to the Court is dismissal.

■ Neither the convenience of the litigants nor considerations of judicial economy permit a Court to flout the statutory command of diversity. *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377, 98 S.Ct. 2396, 2404, 57 L.Ed.2d 274 (1978). The Plaintiff cannot remedy a jurisdictional defect with a motion to dismiss.

For these reasons, this action will be DISMISSED for lack of subject matter jurisdiction.