**Stanley BLIZZARD, Plaintiff,**

v.

**John H. DALTON, Secretary, Department of the Navy, Defendant.**

**Action No. 2:94cv984.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Feb. 14, 1995.

Stanley Blizzard, pro se.

George M. Kelly, III, Asst. U.S. Atty., Norfolk, VA, for defendant.

## MEMORANDUM OPINION

REBECCA BEACH SMITH, District Judge.

On October 11, 1994, Plaintiff, appearing *pro se*, filed a complaint in which he alleged

discrimination by the Department· of the Navy in denying him a promotion to the position of WG–10 Electrician in December 1991. Plaintiff seeks the promotion and back pay. On October 14, 1994, Plaintiff amended his complaint to request court costs, punitive damages, and other monetary expenses incurred because of this suit. On December 13, 1994, Defendant moved to dismiss the complaint, as amended, for failure to state a claim and for lack of subject matter jurisdiction. Defendant moved in the alternative for a more definite statement under Fed. R.Civ.P. 12(e). Although Plaintiff requested to argue the matter orally before the ·Court, the Court finds that no hearing is necessary. Based on the following reasoning,· the Court DENIES Defendant's Motion to Dismiss and Defendant's Motion for a More Definite Statement.

## I. *Defendant's Motion to Dismiss*

### A. *Statement of Claim*

 In deciding a motion to dismiss, the Court should view the complaint, as amended, in the light most favorable to the plaintiff. *Trageser v. Libbie Rehabilitation Center, Inc.,* 590 F.2d 87, 89 (4th Cir.1978), *cert. denied,* 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979); *see Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993) ("A motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and which would entitle it to relief."), *cert. denied,* —— U.S. ——, 114 S.Ct. 1307, 127 L.Ed.2d 658 (1994). Because Plaintiff is proceeding *pro se,* the Court gives liberal treatment to Plaintiff's broad allegations. Plaintiff has stated:

> I wish to file a civil action in the U.S. District Court based on what I determined is [sic] discriminatory practices by the Department of Navy–Norfolk Naval Shipyard that were evident in that I was denied a promotion.... It is also evident that had

the Affirmative Action Program ·for disabled veterans been enforced, I would have been the *primary* candidate for the position I had applied for.... I therefore feel since I have not been vindicated through EEOC channels, I am seeking redress through the U.S. District Court.

Compl. (emphasis in original). Based on this language, the Court recognizes that Plaintiff has alleged that the Department of the Navy discriminated against him in denying him a promotion to WG–10 Electrician because of his handicap and that this discrimination violates the Vietnam Era Veterans' Readjustment Assistance Act ("VEVRA") § 403(a)(c), 38 U.S.C. § 4214(c). In response to these allegations, Defendant contends that Plaintiff has established no private right of action under VEVRA section 403(a)(c) and ·no waiver of sovereign immunity.

 Whether a plaintiff has a private right of action, either express or implied, under VEVRA section 403(a)(c) presents a question of first impression in the Fourth Circuit. Section 403(a)(c) of VEVRA provides:

> Each agency shall include in its affirmative action plan for the hiring, placement, and advancement of handicapped individuals in such agency *as required by section 501(b) of the Rehabilitation Act of 1973 (29 U.S.C. 791(b)),* a separate specification of plans (in accordance with regulations which the Office of Personnel Management shall prescribe in consultation with the. Secretary, the Secretary of Labor, and the Secretary of Health and Human Services, consistent with the purposes, provisions, and priorities of such Act) to promote and carry out such affirmative action with respect to disabled veterans in order to achieve the purpose of this section.

38 U.S.C. § 4214(c) (emphasis added). Section 501(b) of the Rehabilitation Act, underscored above, obligates federal agencies to create affirmative action plans for handicapped individuals. 29 U.S.C. § 791(b).[1]

1. Section 501(b) of the Rehabilitation Act provides:
 Each department, agency, and instrumentality (including the United States Postal Service and the Postal Rate Commission) in the execu-

tive branch shall, within one hundred and eighty days after September 26, ·1973, submit to the Commission and to the Committee an affirmative action program plan for the hiring, placement, and advancement of individuals

Therefore, affirmative action protection for disabled veterans, such as Mr. Blizzard,[2] comprises part of the Department of the Navy's affirmative action plan under section 501(b) of the Rehabilitation Act (its "Section 501 Plan").

Moreover, section 505(a)(1) of the Rehabilitation Act provides that individuals aggrieved under section 501(b) of the Act, can seek redress through a private right of action. 29 U.S.C. § 794a(a)(1)[3]; *Boyd v. United States Postal Service*, 752 F.2d 410, 412 (9th Cir. 1985); *Prewitt v. United States Postal Service*, 662 F.2d 292, 302–04 (5th Cir.1981); *see Little v. FBI*, 1 F.3d 255, 257 (4th Cir.1993) (federal government has an affirmative duty to promote affirmative action for handicapped individuals); *accord Carter v. Bennett*, 840 F.2d 63 (D.C.Cir.1988). Therefore, Plaintiff's allegation that he suffered discrimination under the disabled veterans portion of the "Section 501(b) Plan" allows him access to the rights and remedies contained in Title VII of the Civil Rights Act at 42 U.S.C. § 2000e–16.[4] These rights include the ability to sue the head of the appropriate agency of the United States to remedy discrimination.

42 U.S.C. § 2000e–16(c); *see Gardner v. Gartman*, 880 F.2d 797 (4th Cir.1989).

Defendant has argued that because some courts have not permitted a private right of action under VEVRA section 402 (38 U.S.C. § 4212), which addresses affirmative action programs for private entities that contract with the federal government, by analogy, no private right of action exists under VEVRA section 403(a) (38 U.S.C. § 4214). *See Harris v. Adams*, 873 F.2d 929, 931 (6th Cir. 1989); *Barron v. Nightingale Roofing, Inc.*, 842 F.2d 20, 21 (1st Cir.1988); *accord Wilson v. Amtrak Nat'l R. Corp.*, 824 F.Supp. 55, 58 (D.Md.1992). In both *Harris* and *Barron*, the Eighth and First Circuits determined that no private right of action existed under VEVRA section 402, formerly 38 U.S.C. § 2012(a), after an analysis based on the factors mentioned in *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975).[5] *Harris*, 873 F.2d at 931; *Barron*, 842 F.2d at 21. However, this Court need not address whether an implied right of action exists under the *Cort* factors, because VEVRA section 403(a)(c) (38 U.S.C. § 4214(c)), by incorporating Rehabilitation Act section 501(b) (29

with disabilities in such department, agency, or instrumentality. Such plan shall include a description of the extent to which and methods whereby the special needs of employees who are individuals with disabilities are being met. Such plan shall be updated annually, and shall be reviewed annually and approved by the Commission if the Commission determines, after consultation with the Committee, that such plan provides sufficient assurances, procedures and commitments to provide adequate hiring, placement, and advancement opportunities for individuals with disabilities. 29 U.S.C. § 791(b).

2. For this motion, Defendants do not contest that Plaintiff is a disabled veteran under 38 U.S.C. § 4214(f). Def.'s Mem.P. & A. at 4 n. 11.

3. Section 505(a)(1) of the Rehabilitation Act reads:

The remedies, procedures, and rights set forth in section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e–16), including the application of sections 706(f) through 706(k) (42 U.S.C. 2000e–5(f) through (k)), shall be available, with respect to any complaint under section 791 of this title, to any employee or applicant for employment aggrieved by the final disposition of such complaint. In fashioning an equitable or affirmative action remedy un-

der such section, a court may take into account the reasonableness of the cost of any necessary work place accommodation, and the availability of alternatives therefor or other appropriate relief in order to achieve an equitable and appropriate remedy.
29 U.S.C. § 794a(a)(1).

4. *See supra* note 3.

5. In *Cort*, the Supreme Court stated:

In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted,"—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? 422 U.S. at 78, 95 S.Ct. at 2088 (citations omitted).

U.S.C. § 791(b)), states an express cause of action.

In addition, Defendant's comparison of VEVRA section 402 to and VEVRA section 403(a) fails to distinguish between a federal contractor as an employer and the federal government as an employer. Within the Rehabilitation Act, the Fourth Circuit has distinguished section 501 (29 U.S.C. § 791), which prohibits discrimination against otherwise qualified handicapped individuals by the federal government, and section 504 (29 U.S.C. § 794), which prohibits discrimination against otherwise qualified handicapped individuals by federal contractors. *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87, 89 (4th Cir.1978), *cert. denied*, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979). In making this distinction, the Fourth Circuit has recognized that the 1978 Amendments to the Rehabilitation Act added "a new subsection 505(a)(1) [29 U.S.C. § 794a(a)(1) ] which makes the pertinent remedies, procedures, and rights of Title VII available to federal employees who complain of handicap discrimination in employment in violation of § 501 of the Rehabilitation Act [29 U.S.C. § 791]." *Trageser*, 590 F.2d at 89. By contrast, the 1978 Amendments did not extend the remedies, procedures, and rights of Title VII available to those persons aggrieved under section 504 of the Rehabilitation Act. *Id.* Finally, the Fourth Circuit concluded that, "the distinction that [the 1978 Amendments] drew between the relief available to federal employees and that available to employees of private institutions receiving federal assistance could not have been inadvertent." *Id.*

Defendant's argument ignores the distinction within both the Rehabilitation Act and VEVRA between the federal government as an affirmative action employer and a federal contractor as an affirmative action employer. *See* 29 U.S.C. §§ 791, 794; 38 U.S.C. §§ 4212, 4214. Because the reference to Rehabilitation Act section 501 within VEVRA section 403(a)(c) directly connects Plaintiff to an express right of action, the Court finds Plaintiff has stated a claim for relief and a specific waiver of sovereign immunity.

### B. Subject Matter Jurisdiction

■ Defendant also asserts, "Plaintiff has failed to state a claim over which this Court has subject matter jurisdiction." Def.'s Mem. P. & A. at 8. A federal court must have subject matter jurisdiction over a lawsuit in order for the court to have the power to award relief. *First Am. Nat'l Bank v. Straight Creek Processing Co.*, 756 F.Supp. 945, 946 (E.D.Va.1991). A federal court has "federal question" subject matter jurisdiction when the civil action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

■ In assessing Plaintiff's allegations of jurisdiction, the court should be solicitous of *pro se* complaints, regardless of how unartfully the *pro se* plaintiff has drafted the complaint. *See Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir.1977). In this action, Plaintiff pleads discrimination by the Department of the Navy based on his physical disability. Further, Plaintiff has alleged that the Department of the Navy violated 38 U.S.C. § 4214(c) by discriminating against Plaintiff and failing to adhere to its affirmative action measures regarding disabled veterans. The Court also construes the complaint, as amended, as stating a claim under sections 501(b) and 505(a)(1) of the Rehabilitation Act. Plaintiff, in alleging violations of federal law, has properly demonstrated federal question subject matter jurisdiction.

### II. Defendant's Motion for a More Definite Statement

■ Defendant has moved the Court for a more definite statement. Defendant claims that it does not know the acts and/or omissions upon which Plaintiff supports his claim. Def.'s Mem.P. & A. at 9. Federal Rule of Civil Procedure 8 requires that a pleading contain,

(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement showing that the pleader is entitled to relief, and (3) a de-

100

mand for judgment for the relief the pleader seeks.

The Court recognizes that Plaintiff, proceeding *pro se*, has not submitted a well-drafted complaint, as amended. However, it is clear to the Court that Plaintiff has complained that his failure to receive a promotion in December 1991 constituted discrimination and a violation of VEVRA section 403(a)(c), 38 U.S.C. § 4214(c). Further, Defendant has plainly requested to receive the promotion, back pay, court costs, punitive damages, and other monetary expenses. Although brief, Defendant's October 11, 1994 complaint and October 14, 1994 amendment satisfy the requirements of Fed.R.Civ.P. 8.

 Motions for more definite statement should only be granted, if the defendant cannot frame a response to the complaint. *Hodgson v. Virginia Baptist Hospital*, 482 F.2d 821 (4th Cir.1973); Fed.R.Civ.P. 12(e). Although Defendant complains that he cannot frame a response, Defendant has submitted a well-documented Motion to Dismiss. Namely, Defendant has custody and control of Plaintiff's employment records, which form the basis of his complaint, and Defendant attached several of these documents to his memorandum in support of his motion to dismiss. Finally, Defendant will have an opportunity for full discovery as this case continues. *See Frederick v. Koziol*, 727 F.Supp. 1019, 1020–21 (E.D.Va.1990) ("where the information sought by the movant is available or properly sought through discovery, the motion should be denied."). Because the Defendant does not require a more definite statement to frame a response to Plaintiff's complaint, the Court DENIES Defendant's Motion for a More Definite Statement.

It is so ORDERED.