**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

DONALD L. ARMSTRONG,
<u>Plaintiff-Appellant,</u>

v.

No. 97-1222

ROLM A. SIEMANS COMPANY; SHARON
LEWIS,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
T. S. Ellis, III, District Judge.
(CA-96-1427-A)

Submitted: October 10, 1997

Decided: November 13, 1997

Before NIEMEYER and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Donald L. Armstrong, Appellant Pro Se. K. Stewart Evans, Jr., PEP-
PER, HAMILTON & SCHEETZ, Washington, D.C.; David Michael
Young, WASHINGTON LEGAL FOUNDATION, Washington,
D.C., for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Donald L. Armstrong appeals from the district court's order dismissing his pro se civil action and granting Defendants' joint motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim pursuant to Fed. R. Civ. P. Rules 12(b)(1), (6), respectively. We have reviewed the record and the district court's opinion and find no reversible error. For the reasons set forth below, we affirm the dismissal of Armstrong's action.

We review the district court's dismissal for lack of subject matter jurisdiction de novo. Hager v. Gibson , 108 F.3d 35, 38 (4th Cir. 1977). We likewise review de novo a dismissal for failure to state a claim. Meaige v. Hartley Marine Corp., 925 F.2d 700, 702 (4th Cir. 1991). A dismissal for failure to state a claim should be upheld only if it appears that the plaintiff can prove no set of facts that would entitle him to relief. Id.; Conley v. Gibson , 355 U.S. 41, 45-46 (1957). When reviewing a motion to dismiss, we assume the facts alleged in the complaint are true, McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 327 (4th Cir. 1996), and we construe the allegations in the light most favorable to the pleader. Scheuer v. Rhodes , 416 U.S. 232, 236 (1974). When reviewing a pro se complaint, federal courts should examine carefully the plaintiff's factual allegations, no matter how inartfully pleaded, to determine whether they could provide a basis for relief. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1977); Boag v. MacDougall, 454 U.S. 364, 365 (1982); Haines v. Kerner, 404 U.S. 519, 520-21 (1972). In addition, in order to determine whether the claim of a pro se plaintiff can withstand a motion to dismiss, it is appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff. Gordon, 574 F.2d at 1149-51.

On October 4, 1996, Armstrong filed an eight count complaint, which, liberally construed, alleged: (I) discrimination in violation of

2

the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 (1994) (ADA); (II) wrongful termination; (III) constructive discharge; (IV) intentional infliction of emotional distress; (V) discrimination in violation of the Vietnam Era Veterans' Readjustment Act of 1974, 38 U.S.C.A. § 4212 (West 1985 & Supp. 1997); (VI) discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 (West 1985 & Supp. 1997); (VII) discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 (1994) (ADEA); and (VIII) restriction of free speech guaranteed by the First Amendment. Following oral argument on Defendants' motion to dismiss, the district court dismissed Counts I and III through VIII. The district court, after reviewing supplemental briefs of the parties, then dismissed the remaining Count II. This timely appeal followed.

Armstrong worked for Defendant, Rolm Communications Corporation, a Siemens Company (Rolm), a federal contractor, from November 13, 1978, until August 9, 1995, the date on which he was notified by Rolm of his termination effective immediately for"job abandonment." Defendant Sharon Lewis was Armstrong's supervisor at Rolm during the relevant time period. At the time of termination, Armstrong was a senior field service representative. He consistently received strong performance evaluations throughout his tenure with Rolm.

In 1992, Armstrong, a Vietnam veteran, was diagnosed by the United States Veterans Administration with Post Traumatic Stress Disorder. In October 1994, Armstrong began to suffer from an unidentified illness, which subsequently was diagnosed by a private physician as fibromyalgia, a stress-related disorder, and which resulted in sleep deprivation, as well as a myriad of secondary conditions, including peripheral neuropathy, irritable bowel syndrome, brain fog, burning muscle pain, and muscle cramps.

Armstrong claimed that in 1993 and 1994 Lewis harassed him repeatedly and discriminated against him on the basis of age, disability, and veterans status. For example, he claimed that on one occasion Lewis would not allow him to display photographs taken during the Vietnam War, and told him to refrain from publicizing his status as a veteran. Armstrong claimed that Lewis's behavior exacerbated his medical condition and made his workplace intolerable, causing him to have to leave work on October 12, 1994.

Rolm first placed Armstrong on short-term disability leave. His physicians advised Rolm that the workplace aggravated Armstrong's symptoms, and that he should be permitted to telecommute via his home telephone and computer. Rolm failed to accommodate Armstrong. Armstrong claimed that he was discriminated against on the basis of disability because other non-disabled employees were regularly permitted to telecommute.

Rolm notified Armstrong by letter dated March 2, 1995, that it planned to terminate his short-term disability payments and that he should apply for long-term disability. Armstrong applied, but was rejected, for long-term disability with Rolm's insurance carrier. Armstrong still refused to return to work, and on August 9, 1996, Rolm terminated Armstrong, citing his failure to return to work as the reason for termination.

In Counts I and III of his complaint, Armstrong claimed disability discrimination relating to Rolm's failure to allow him to telecommute in December 1994, and the harassment to which he was subjected that forced him to leave work on October 12, 1994 (constructive discharge). Because these alleged acts of discrimination occurred prior to August 11, 1995,[1] we find that the district court properly dismissed them as being time-barred.

_____

[1] While Armstrong sought to file a complaint with the Equal Employment Opportunity Commission (EEOC) on April 21, 1996, the date on which he spoke with an EEOC intake officer, Armstrong did not file a signed, notarized complaint with the EEOC until June 5, 1996. This latter date is the appropriate date against which the timeliness of the claims Armstrong set forth in Counts I, III, and VII is properly measured. See Balazs v. Liebenthal, 32 F.3d 151, 156 (4th Cir. 1994) ("[T]he filing of a sworn charge of discrimination with the EEOC is a mandatory prerequisite to the validity of the charge . . . ."). Because Virginia is a deferral state, the usual 180-day limitation for filing Title VII and ADA claims of discrimination with the EEOC (42 U.S.C. § 2000e-5(e)(1) (1994)) is extended to 300 days. 29 C.F.R. §§ 1601.13(a)(4)(ii)(A), 1601.74(a). Accordingly, Armstrong is time-barred from alleging any act of discrimination occurring more than 300 days from June 5, 1996, the date he filed his charge with the EEOC, and any act of discrimination occurring prior to August 11, 1995, is time-barred.

In Count II, Armstrong claimed wrongful termination on the basis of his disabilities. We affirm the district court's dismissal of this Count on the reasoning of the district court. Armstrong v. Rolm A. Siemans Co., No. CA-96-1427-A (E.D. Va. Dec. 26, 1997). We specifically reject Armstrong's assertion on appeal that the Virginians with Disabilities Act, Va. Code Ann. § 51.5-41 (Michie 1994 repl. vol.) (VDA), is not applicable to an employer covered by the Rehabilitation Act, such that he is not subject to the exclusivity provisions or the administrative requirements of the VDA. See Bradick v. Grumman Data Sys. Corp., 486 S.E.2d 545, 547 (Va. 1997).

In Count IV, Armstrong alleged intentional infliction of emotional distress. The facts supporting his claim relate to Defendant Lewis's failure to allow Armstrong to display photographs taken during the Vietnam War, while other employees were allowed to personalize their work area, and her refusal to allow Armstrong to make references to the war. Armstrong further alleged that Lewis's prejudicial attitude encouraged other employees to harass him. Finally, he claimed that Rolm's failure to intervene when notified of the problem constituted intentional infliction of emotional distress. We agree with the district court that while such attitudes and actions were unfortunate and unpleasant, Armstrong did not allege conduct that was so outrageous and intolerable such that it offended generally accepted standards of decency and morality.**2** Therefore, we affirm the district court's dismissal of Count IV on that ground.

In Count V, Armstrong claimed that Defendants purposefully engaged in discrimination of a disabled Vietnam veteran by harassing and discriminating against him by denying him reasonable accommodation and by terminating him. We find that the district court properly dismissed this claim pursuant to Rule 12(b)(6) because there is no private cause of action against federal contractors under § 402 of the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 4212 (West 1991 & Supp. 1997). See Harris v. Adams, 873 F.2d 929, 931 (6th Cir. 1989); Barron v. Nightingale Roofing, Inc., 842 F.2d 20, 21 (1st Cir. 1988); see generally Cort v. Ash, 422 U.S.

_____

**2 See Beardsley v. Ison**, 828 F. Supp. 397, 400-01 (E.D. Va. 1993), aff'd, 30 F.3d 524 (4th Cir. 1994); Womack v. Eldridge, 210 S.E.2d 145, 148 (Va. 1974).

5

66, 78 (1975) (setting forth factors to determine whether given statute gives rise to private right of action).

Count VI is a claim based on the Defendants' alleged purposeful discrimination of an employment-qualified handicapped person. Construed generously pursuant to Section 503 of the Rehabilitation Act of 1973, 29 U.S.C. § 793 (West 1985 & Supp. 1992), this claim, too, fails for lack of a private cause of action. See Painter v. Horne Bros. Inc., 710 F.2d 143, 143 (4th Cir. 1983).

As to Count VII, to the extent that Armstrong claimed age discrimination based upon Rolm's failure to accommodate him by permitting him to telecommute, we find that the district court properly dismissed this claim on the ground that it, too, is time-barred as alleging discriminatory acts that occurred in excess of 300 days prior to the filing of Armstrong's charge with the EEOC. To the extent Armstrong raised a claim of age discrimination through discharge, which claim would not be time-barred, we find that such claim is without merit because it is based solely on Armstrong's conclusory statement made without supporting facts.

In Count VIII, Armstrong alleged a violation of his First Amendment rights based on the alleged uneven and prejudicial application of Rolm's policy concerning personalizing an employee's work space. We agree with the district court that this claim must fail because Armstrong does not allege any state action, and merely because Rolm is a federal contractor does not convert its acts into state conduct. See Hudgens v. NLRB, 424 U.S. 507, 513 (1976).

Finally, we agree with the district court that Armstrong's discrimination claims against Defendant Lewis are without merit. Lewis is not an employer subject to Title VII, ADA, or ADEA liability under the facts alleged by Armstrong. See Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994).

Accordingly, we affirm the district court's dismissal of Armstrong's action. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

6