Charles A. PERSONS, et al., Plaintiffs,

v.

Marvin RUNYON, Postmaster General, United States Postal Service, Defendant.

No. 96–4089–RDR.

United States District Court, D. Kansas.

March 6, 1998.

Ira Dennis Hawver, Ozawkie, KS, for Plaintiffs.

Charles R. Schwartz, Blake & Uhlig, P.A., Kansas City, KS, for Defendant Moe Biller.

D. Brad Bailey, Office of U.S. Atty., Topeka, KS, for Defendant U.S. Postmaster General.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon defendant's motion to dismiss or for summary judgment.

The general guidelines for analyzing summary judgment motions were reviewed by the Tenth Circuit in *Martin v. Nannie and the Newborns, Inc.*, 3 F.3d 1410, 1414 (10th Cir.1993):

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *accord Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir.1991). The moving party bears the initial burden of showing that there is an absence of any issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir.1991). If the moving party meets this burden, the non-moving party then has the burden to come forward with specific facts showing that there is a genuine issue for trial as to elements essential to the non-moving party's case. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir.1991). To sustain this burden, the non-moving party cannot rest on the mere allegations in the pleadings. Fed. R.Civ.P. 56(e); *Celotex*, 477 U.S. at 324; *Applied Genetics Int'l v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990).

The following facts appear to be uncontroverted. Plaintiff, Charles A. Persons, is bringing this action against Marvin Runyon in his official capacity as Postmaster General of the United States Postal Service (USPS). Because defendant Runyon is being sued in his official capacity, as a practical matter we

consider this lawsuit as being brought against the USPS. Five other plaintiffs (Billy D. Link, Richard K. Milne, Damion W. Benedict, Ralph Dunlap and Theodore Delci) are named in the second amended complaint. Persons is attempting to litigate this case as the lead plaintiff of a class action.

Persons worked as a mechanic at the Topeka Post Office. On August 30, 1993, the USPS received a letter from Dr. Suzanne Grimm. The letter stated that Persons had been an inpatient at the Veterans Administration Hospital since August 9, 1993 under the doctor's care for post traumatic stress syndrome secondary to his experiences in Vietnam. The letter further stated: that Persons felt he was being discriminated against at the Post Office because of his status as a veteran; that he reported intense anger regarding this situation; and that he had had "homicidal ideation" regarding two of his supervisors at the Post Office. The doctor also stated that she felt Persons' condition was aggravated by his work atmosphere and that Persons was undergoing a thorough evaluation and extensive therapy.

On the same day, with reference to Dr. Grimm's letter, the USPS requested a "Fitness For Duty" (FFD) examination for Persons and placed him on administrative leave effective the next day. Persons asserts that the administrative leave status lasted for three days and that Persons was placed on enforced leave or leave without pay from September 4, 1993 until he formally retired on November 23, 1993.

Persons asserts that he was forced to apply for disability retirement because the USPS refused to discuss any accommodations for his condition or rehabilitation, and because the USPS told him that pay stopped on October 25, 1993 rather than September 4, 1993.

Persons filed an EEO complaint on August 16, 1993. He was informed in a letter dated September 1, 1993 that the issue which would be investigated was whether he should have been passed over for a "204B detail." This apparently would have been a promotion. Persons was informed by the EEOC that if he did not agree with the scope of the investigation he should respond within seven days. A final agency decision was issued on January 6, 1994. The decision dismissed Persons' complaint because he failed to submit a sworn affidavit in response to requests from the EEO Officer. Persons was informed that he could file a civil action in U.S. District Court within 90 days or he could appeal with the Office of Federal Operations of the EEOC within 30 days. Persons did not take either option.

Persons asserts that he pursued his claims of discrimination in a mixed case appeal to the Merit Systems Protection Board (MSPB). Persons filed an appeal with the MSPB on October 26, 1995, almost two years after his disability retirement. An Administrative Judge of the MSPB denied the appeal as untimely. After this action, Persons filed a motion for review by the full Board. This motion for review had not been decided when this case was filed.

At the same time as the MSPB appeal regarding Persons' disability retirement, Persons appealed a request by the USPS for the refund of an alleged overpayment to the Office of Personnel Management.

Persons did not file an administrative tort claim regarding the matters raised in his complaint.

*Plaintiffs' claims*

Plaintiffs allege violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16a; Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a; the Vietnam Era Veterans Readjustment Assistance Act of 1974, 38 U.S.C. § 4214; The Veterans Preference Act, 5 U.S.C. § 2108; Federal Tort Claims Act, 28 U.S.C. § 1346; the Civil Rights Act of 1871, 42 U.S.C. § 1985(3); the Rehabilitation Act, 29 U.S.C. § 701 *et seq.* and numerous federal statutes governing federal personnel administration. Plaintiffs also make reference to 42 U.S.C. §§ 1981a and 1983, but these statutes do not provide a cause of action under the facts alleged in this matter.

Persons alleges that he has filed administrative law actions including an MSPB appeal in an effort to exhaust his administrative remedies. The other named plaintiffs admit that they have not filed all the required

administrative law actions. They allege that such filings are futile and a waste of time.

*Overview*

Plaintiffs allege a multitude of statutes and regulations in the complaint. Defendant's approach in the instant summary judgment motion is to argue that defendant is immune from suit or that plaintiffs have failed to complete the required administrative procedures prior to bringing a lawsuit against the USPS.

*Employment discrimination*

Defendant's first contention is that plaintiffs' claims of employment discrimination based on gender, age or handicap must be dismissed for failure to exhaust administrative remedies.

Plaintiffs do not directly dispute the case law or regulations cited by defendant which require the filing of administrative complaints or notices prior to bringing a lawsuit under Title VII, the ADEA, or the Rehabilitation Act. See *Khader v. Aspin,* 1 F.3d 968, 970 and 971 n. 3 (10th Cir.1993) (Title VII and Rehabilitation Act); *Jones v. Runyon,* 32 F.3d 1454, 1457–58 (10th Cir.1994) (notice of administrative complaint must be filed with EEOC under ADEA); 29 C.F.R. § 1614.204 (regulations requiring federal employees to file class complaints of age, sex, or handicap discrimination with federal agencies); *Belhomme v. Widnall,* 127 F.3d 1214, 1217 (10th Cir.1997) (dismissing Title VII class action claim for failure to exhaust class action claim with the EEOC); *Gulley v. Orr,* 905 F.2d 1383, 1384–85 (10th Cir.1990) (dismissing class action claims for failure to exhaust class administrative remedies).

However, plaintiffs do make numerous responses to the exhaustion issue in the two briefs filed in rejoinder to defendant's motion. The court finds these responses unpersuasive and often inapposite.

■ Plaintiffs argue that the USPS is distinguishable from the United States. The court is not convinced by this argument. While there may be some special laws or regulations governing the USPS, in general the laws governing suits against federal agencies for employment discrimination apply to suits against the USPS because, as plaintiff acknowledges, by law the USPS is an "independent establishment ... of the

government of the United States." 39 U.S.C. § 201. Plaintiffs' citation to *Baker v. Runyon,* 922 F.Supp. 1296 (N.D.Ill.1996) does not carry their argument for two reasons. First, the case only concerns whether there is liability for punitive damages under Title VII; it does not deny the need for administrative exhaustion. Second, the district court was reversed even as to its holding on punitive damages by the Seventh Circuit which emphasized that the USPS is a "government agency" entitled to the same immunity from punitive damages under Title VII as other government agencies. *Baker v. Runyon,* 114 F.3d 668, 670–71 (7th Cir.1997); see also, *Cleveland v. Runyon,* 972 F.Supp. 1326 (D.Nev.1997) (USPS is a government agency for purposes of Title VII).

Plaintiffs make arguments regarding constitutional claims which are not relevant to defendant's contentions regarding the employment discrimination statutes. Plaintiffs follow this discussion in their first responsive brief with an attack upon the referral for a fitness-for-duty examination. Again, this is not relevant to the requirement for administrative exhaustion preceding an employment discrimination action.

■ Plaintiffs extend their response with a comparison to *Manzi v. United States,* 198 Ct.Cl. 489, 1972 WL 20799 (1972). In *Manzi,* an exception was made to the rule that a resignation is voluntary. The exception was based on the mental incompetence of the employee. In *Manzi,* a doctor stated that the employee was not fully responsible for his actions at the time of his resignation, and two other doctors concurred with this opinion. In addition, the employee in *Manzi* had an extensive history of mental illness, commencing at least ten years before, and continuing to the time of his resignation.

While this authority might provide good grounds for not foreclosing a lawsuit by reason of Persons' application for retirement, it does not provide sufficient support for plaintiffs' failure to file a class complaint or Persons' failure to go forward with an administrative complaint encompassing claims he has made in the complaint in this action. Persons brought a complaint of discrimination based on handicap with regard to a pro-

motion in the middle of August 1993. There is no claim in the pleadings before the court that he was mentally unable to proceed with a similar complaint regarding his retirement or his referral for an FFD examination. In other words, the reference to the *Manzi* case is an insufficient excuse for failing to exhaust administrative remedies.

Plaintiffs have also cited *Patsy v. Board of Regents,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982). This case holds that exhaustion of administrative remedies is not necessary to bring an action under 42 U.S.C. § 1983. However, plaintiff cannot bring a § 1983 action under the facts alleged in the complaint because there is no link to action under the color of *state* law.

■ Plaintiffs also make a general reference to the EEOC, MSPB, USPS, and other proceedings initiated by Persons or other postal employees. Plaintiffs contend that this gave the agencies sufficient notice of plaintiffs' claims of class discrimination and that these agencies failed or refused to investigate the claims. Hence, plaintiffs claim it would have been futile to attempt to exhaust administrative remedies. Plaintiffs also make reference to the case of *Lussier v. Runyon,* 1994 WL 129776 (D.Me.Mar.1,1994).

We reject this argumentation. There is no document in the record which should be construed as a "class complaint" under 29 C.F.R. § 1614.204 or a document which could be considered notice of a right to file a class complaint. Nor did plaintiffs object to the limited scope of the investigation done in response to the complaints which were filed. In addition, the *Lussier* case does not discuss exhaustion of administrative remedies. It discusses a situation in which there was retaliation for filing an EEOC complaint. But, those facts cannot be generalized to the instant case.

In sum, we do not believe plaintiffs' implication of futility comes close to satisfying the requirement of exhaustion of administrative remedies. See *Murphy v. West,* 945 F.Supp. 874, 876–77 (D.Md.1996); *Plowman v. Che-*

*ney,* 714 F.Supp. 196, 202 (E.D.Va.1989); *Kizas v. Webster,* 492 F.Supp. 1135, 1152–53 (D.D.C.1980) *aff'd,* 707 F.2d 524 (D.C.Cir. 1983) *cert. denied,* 464 U.S. 1042, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984).

■ Plaintiffs also note the language of 42 U.S.C. § 2000e–16(c) which reads in part: "... after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit ... until such time as final action may be taken by a department, agency, or unit, an employee ... may file a civil action...." While plaintiffs filed this action more than 180 days after filing a charge, final action was taken on the charge before 180 days passed. Therefore, this provision, which permits civil actions when a final agency decision is *not* made within 180 days, is inapplicable. See *Richardson v. Wiley,* 569 F.2d 140, 142 (D.C.Cir.1977); see also, *Blaney v. U.S.,* 34 F.3d 509, 513 (7th Cir.1994) (interpreting similar provisions contained in 5 U.S.C. § 7702(e)). Nor does the citation to this statute excuse plaintiffs' failure to bring any timely charge to the agency contesting the matters raised in this lawsuit.

■ Finally, plaintiffs have made reference to Persons' "mixed case" before the MSPB.[1] This argument fails because the MSPB has not reached the merits of plaintiffs' claims. Where the Board does not reach the merits of a claim, the judicial review of such a determination is available only in the federal circuit courts. *Wall v. United States,* 871 F.2d 1540, 1543 (10th Cir.1989) *cert. denied,* 493 U.S. 1019, 110 S.Ct. 717, 107 L.Ed.2d 737 (1990); *Canada v. Runyon,* 898 F.Supp. 754, 757 (D.Colo.1995) *aff'd,* 92 F.3d 1196 (10th Cir.1996) (table).

In sum, the court finds that plaintiffs' claims that defendant violated laws against employment discrimination must be dismissed because plaintiffs' failed to exhaust administrative remedies.

---

1. A "mixed case" is an adverse personnel action that is appealable to the Board where a federal employee or applicant alleges a basis for the action is prohibited discrimination. 29 C.F.R. § 1614.302(a)(1) (EEOC definition of "mixed case complaint"); *Miller v. Department of the* *Army,* 987 F.2d 1552, 1554 n. 2 (Fed.Cir.1993); see also, 5 U.S.C. § 7702(a)(1) (MSPB jurisdiction of actions involving discrimination); 5 C.F.R. § 1201.151(a) (defining personnel actions appealable to the Board based on "prohibited discrimination").

*Constitutional Claims*

■ Defendant asks that plaintiffs' constitutional claims be dismissed because defendant is immune from being sued for constitutional torts. The court agrees. Many cases support the proposition that the USPS cannot be sued for constitutional torts. See *Federal Deposit Ins. Corp. v. Meyer,* 510 U.S. 471, 483–486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (*Bivens* actions may not be brought against the United States); *Belhomme v. Widnall,* 127 F.3d 1214, 1217 (10th Cir.1997) (constitutional claim by federal employee in employment discrimination action preempted by remedy under Title VII); *Pereira v. U.S. Postal Service,* 964 F.2d 873, 877 (9th Cir.1992) citing, *McCollum v. Bolger,* 794 F.2d 602 (11th Cir.1986) *cert. denied,* 479 U.S. 1034, 107 S.Ct. 883, 93 L.Ed.2d 836 (1987); *Ellis v. USPS,* 784 F.2d 835, 839–40 (7th Cir.1986) (rejecting a *Bivens* claim); *Broussard v. USPS,* 674 F.2d 1103, 1112 (5th Cir.1982) (no *Bivens* claim against USPS supervisors); *Contemporary Mission, Inc. v. United States Postal Serv.,* 648 F.2d 97, 105 n. 9 (2d Cir.1981).

The contrary authority cited by plaintiffs is *Davis v. Passman,* 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) and *Lawrence v. United States,* 631 F.Supp. 631 (E.D.Pa. 1982). Both cases are distinguishable.

In *Davis,* the Court allowed a *Bivens* action against a Congressman for a violation of the Fifth Amendment. The instant case is not a *Bivens* action against an official of the United States, but a claim against an agency of the United States. Moreover, in *Davis,* there was no alternative form of judicial relief. In the instant case, there is a comprehensive statutory system for the protection of federal employees, including postal workers, from discrimination.

*Lawrence* was decided before *Bush v. Lucas,* 462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983) where the Supreme Court made clear that a NASA employee could not proceed with a First Amendment claim for reinstatement and back pay because it was precluded by the comprehensive regulatory scheme in place. Obviously, to the extent *Lawrence* is inconsistent with *Bush,* we believe the principles of *Bush* must control.

Following the case precedent discussed above, the court shall dismiss plaintiffs' constitutional claims.

*Breach of the Collective Bargaining Agreement*

■ Plaintiffs claim that defendant breached the collective bargaining agreement. But, to succeed with such a claim, plaintiffs must show that the union breached its duty of fair representation or that the USPS repudiated the collective bargaining agreement's remedial procedures. *Vaca v. Sipes,* 386 U.S. 171, 185–86, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967). Plaintiffs have made no such allegations in this matter. Consequently, any claim that defendant breached the collective bargaining agreement shall be dismissed.

*Veterans Preference Act (VPA) and Vietnam Era Veterans Readjustment Assistance Act (VEVRA)*

■ Defendant asks for summary judgment against plaintiffs' claims under VEVRA, 38 U.S.C. §§ 4211–4214, and VPA, 5 U.S.C. § 2108. Defendant contends that there is no private right of action under these statutes. We agree. *Antol v. Perry,* 82 F.3d 1291, 1296–98 (3rd Cir.1996) (no right of action under VEVRA); *Wikberg v. Reich,* 21 F.3d 188, 189 (7th Cir.) *cert. denied,* 513 U.S. 961, 115 S.Ct. 421, 130 L.Ed.2d 336 (1994)(same); *Harris v. Adams,* 873 F.2d 929, 931 (6th Cir.1989) (same); *Barron v. Nightingale Roofing, Inc.,* 842 F.2d 20 (1st Cir.1988) (no private right of action under VEVRA against federal contractors); *Taydus v. Cisneros,* 902 F.Supp. 278, 282 (D.Mass.1995) (no right of action under VEVRA and VPA); *Wilson v. Amtrak National Railroad Corp.,* 824 F.Supp. 55 (D.Md.1992) (same); *Philippeaux v. North Central Bronx Hospital,* 871 F.Supp. 640, 647 (S.D.N.Y. 1994) (no implied right of action under VPA or right enforceable under § 1983).

We acknowledge plaintiffs' citation to *Blizzard v. Dalton,* 876 F.Supp. 95 (E.D.Va. 1995). In this case, however, the court construed the reference to VEVRA's provisions as stating a claim under the Rehabilitation Act. *Id.* at 99. In this case, we have already held that plaintiffs' Rehabilitation Act claim

must be dismissed for failure to exhaust administrative remedies.

In summary, the court shall follow the apparent majority of cases and grant summary judgment against plaintiffs' claims under VEVRA and the VPA.

### Federal Tort Claims Act

Defendant contends that plaintiffs' claim under the Federal Tort Claims Act must be dismissed because plaintiffs have failed to satisfy the legal prerequisite of filing an administrative claim. 28 U.S.C. § 2675(a). Plaintiffs concede this point and, therefore, summary judgment shall be granted against this claim.

### 42 U.S.C. § 1985(3)

Defendant has asked for summary judgment against plaintiffs' claim under 42 U.S.C. § 1985(3). Actually, in plaintiffs' second amended complaint, plaintiffs more directly assert an action under § 1986. See Count 16. But, the second amended complaint also mentions § 1985(3) and, since a claim under § 1986 is contingent upon making a valid claim under § 1985 (*Brown v. Reardon*, 770 F.2d 896, 907 (10th Cir.1985)), the court shall consider defendant's arguments regarding § 1985(3).

█ The USPS is an entity of the United States. 39 U.S.C. § 201. The United States may not be sued without its consent, and the United States has not consented to be sued under the civil rights statutes, including § 1985. See *Unimex, Inc. v. United States Dep't of Housing and Urban Dev.*, 594 F.2d 1060, 1061 (5th Cir.1979) (citations omitted); *Hohri v. United States*, 782 F.2d 227, 245 n .43 (D.C.Cir.1986) (holding that provisions of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, "by their terms, do not apply to actions against the United States"), *vacated on other grounds*, 482 U.S. 64, 107 S.Ct. 2246, 96 L.Ed.2d 51 (1987); *United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir.1982) ("It is well established ... that the United States has not waived its immunity to suit under the provisions of the [Civil Rights Act]"); *Biase v. Kaplan*, 852 F.Supp. 268, 289–90, n. 18 (D.N.J.1994) (§ 1985 claim asserted against individual defendants in their official capacities is barred by doctrine of sovereign immunity); *Kaufmann v. U.S.*, 840 F.Supp. 641, 648 (E.D.Wis.1993); *Proffitt v.*

*U.S.*, 758 F.Supp. 342, 345 (E.D.Va.1990). Therefore, the plaintiffs' § 1985 and § 1986 claims against the USPS as represented by defendant Runyon will be dismissed.

█ Additionally, the fact that plaintiffs are suing Marvin Runyon in his official capacity means that Runyon could not have personally participated in a conspiracy to deprive the plaintiffs of their civil rights. Moreover, because he allegedly acted in his official capacity, Runyon was not a "person" for purposes of satisfying § 1985's requirement that "two or more persons" conspired together. See *Santiago v. New York State Dept. of Correctional Services*, 725 F.Supp. 780, 783–84 (S.D.N.Y.1989) *rev'd on other grds*, 945 F.2d 25 (2nd Cir.1991) *cert. denied*, 502 U.S. 1094, 112 S.Ct. 1168, 117 L.Ed.2d 414 (1992)(holding that an agency is not a "person" under § 1985(3) and noting that agency officials acting in their official capacities are not "persons" under § 1983, a term which has the same meaning under § 1985).

█ Furthermore, allowing a remedy under § 1985(3) upon plaintiffs' allegations would undermine the Congressionally-created, preemptive scheme for dealing with employment discrimination claims by federal employees—i.e., Title VII. See *Great Am. Fed. Sav. & Loan Ass'n v. Novotny*, 442 U.S. 366, 376–78, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979) (holding that if violation of Title VII could be asserted through § 1985(3), complainant could avoid most, if not all, of detailed and specific provisions of Title VII); *Brown v. GSA*, 425 U.S. 820, 829, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976) (dismissing § 1981 claim because Title VII is the "exclusive, pre-emptive administrative and judicial scheme for the redress of federal employment discrimination").

### Title 5 and Code of Ethical Conduct

█ Finally, plaintiffs have asserted that defendant has acted in violation of plaintiffs' rights under the Code of Ethical Conduct for Postal Employees (39 C.F.R. § 447.11 *et seq.*) and various sections of Title 5 of the United States Code as well as accompanying regulations. These statutes include the Civil Service Reform Act and the Federal Labor-Management Relations Act. The court does

**1174**

not believe these sections provide grounds for a cause of action in this court because plaintiffs either lack standing to bring an action under these statutes or have failed to exhaust their administrative remedies under the Civil Service Reform Act. See 39 U.S.C. § 1005 (Chapter 75 of CSRA applies to Postal Service employees); *Roth v. United States,* 952 F.2d 611, 614 (1st Cir.1991) (CSRA provides exclusive procedures for challenging federal personnel decisions); *Petrini v. Howard,* 918 F.2d 1482, 1485 (10th Cir.1990)(the CSRA was intended to provide the exclusive procedure for challenging federal personnel decisions); *Mills v. United States Postal Service,* 977 F.Supp. 116, 120 (D.R.I.1997)(Congress created the MSPB for administrative review before court action may be taken); *Hernandez v. Dept. of Army,* 927 F.Supp. 570 (D.P.R.1996)(Federal Labor–Management Relations Act, 5 U.S.C. §§ 7101–7135, does not permit employees to bring charges directly to federal district court).

Under the CSRA, review by the MSPB is an essential part of the process prior to judicial review. See 5 U.S.C. §§ 7512, 7513. Then appeal is made to the circuit court of appeals, unless it is a "mixed case." See *Wall,* 871 F.2d at 1543. If it is a "mixed case," then appeal is made to a federal district court if the MSPB considers the discrimination claim on its merits. *Id.* at 1542–43.

Plaintiffs have not properly exhausted their administrative remedies prior to alleging a violation of their rights under the federal personnel statutes. Nor have plaintiffs proceeded properly under the Federal Labor–Management Relations Act. Accordingly, the court shall dismiss any claims brought directly under these statutes, regulations, or ethical codes.

*Conclusion*

In conclusion, for the above-stated reasons defendant's motion for summary judgment shall be granted. The court directs that plaintiffs' case be dismissed.

**IT IS SO ORDERED.**