**Cordell TROTTER, Plaintiff-Appellant,**

v.

**James A. TODD, et al.,**
**Defendants-Appellees.**

No. 81–2192.

United States Court of Appeals,
Tenth Circuit.

Oct. 19, 1983.

Before SETH, Chief Judge, BARRETT, Circuit Judge, and BOHANON, Senior Judge, United States District Judge for the Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

BARRETT, Circuit Judge.

Appellant Cordell Trotter (Trotter) brought an action for racial discrimination in employment pursuant to 42 U.S.C. §§ 1981, et seq., 42 U.S.C. §§ 2000e, et seq. (Title VII), and the Fifth Amendment to the United States Constitution (equal protection). The district court impaneled an advisory jury pursuant to Fed.Rules Civ. Proc. rule 39(c), 28 U.S.C.A. to hear Trotter's constitutional and Title VII claims. Upon motion at the close of the plaintiff's case by the defendants James A. Todd, Theodore Little and J. Lynn Helms, Director of the Federal Aviation Administration,[1] the court dismissed Trotter's §§ 1981 and 1983 claims. At the close of all of the evidence and trial procedure, the court submitted special interrogatories to the advisory jury. The jury returned a verdict in favor of the defendants Todd and Little in their individual capacities on the constitutional claims. The jury further found that Trotter had failed to establish a *prima facie* case of a Title VII violation. Thus, Trotter was denied relief on all claims.

The district court subsequently denied Trotter's post-trial motions for judgment notwithstanding the verdict and for a new trial. The court, in a Memorandum and Order entered September 15, 1981, adopted the jury's findings against Trotter on all Title VII claims, entered judgment on the jury's verdict against Trotter as to the constitutional claim, and issued findings of fact and conclusions of law supporting its order.

In 1974, Trotter, a black man employed by the Federal Aviation Administration (FAA) as an electronics technician at level GS-9, sought promotion to an available GS-11 electronics technician position. The

Fred W. Phelps, Jr., of Phelps—Chartered, Topeka, Kan., for plaintiff-appellant.

Jim J. Marquez, U.S. Atty., and Alleen S. Castellani, Asst. U.S. Atty., Topeka, Kan., for defendants-appellees.

1. At the time of the alleged discrimination, Little was Trotter's supervisor and Todd was the manager of the sector where Trotter worked. Thus, Trotter sued defendants Todd and Little in their individual capacities pursuant to 28 U.S.C. § 1331. Helms was made a party defendant to the action pursuant to 42 U.S.C. § 2000e–16(c).

procedure for obtaining advancement within the FAA consists of: 1) the execution of a "Conditional Selection Letter" between the FAA and the applicant,[2] and 2) subsequent certification authority obtained by the applicant through successful completion of a series of written and practical examinations. Trotter failed to pass, within the requisite period, all five examinations required by the FAA. Trotter subsequently refused an offer by defendant Todd, an FAA section manager, to retake the fifth examination which Trotter had failed severely.[3] Thus, Trotter was demoted to a GS–9 position as an installation technician. Trotter's ultimate claim is that his demotion was the result of a racially discriminative motive on the defendants' part.

On appeal, Trotter raises several contentions, each of which we hold to be without merit.[4] However, the dispositive issue on appeal is whether the district court was clearly erroneous in its finding that the plaintiff failed to establish a *prima facie* case on his Title VII claim. We hold that it was not.

■ Trotter contends that the district court was in error by adopting the advisory jury's finding that he failed to establish a *prima facie* case of a Title VII violation. He argues that the court failed to independently consider the evidence concerning this claim. We disagree. Rule 39(c), *supra,* specifically authorizes a trial court, in its discretion, to impanel an advisory jury in any case "not triable of right by a jury." A discrimination action does not carry with it a jury trial right. *Lehman v. Nakshian,* 453 U.S. 156, 164, 101 S.Ct. 2698, 2703, 69 L.Ed.2d 548 (1981); *Slack v. Havens,* 522 F.2d 1091, 1094 (9th Cir.1975); *Robinson v. Lorillard Corp.,* 444 F.2d 791, 802 (4th Cir. 1971), *cert. dismissed* under Rule 60, 404 U.S. 1006, 92 S.Ct. 573, 30 L.Ed.2d 665 (1971); *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122, 1125 (5th Cir. 1969). Thus, the district court properly impaneled the advisory jury pursuant to Rule 39(c).

■ The district court, after receiving the findings of the advisory jury through special interrogatories, made, as it must, its independent findings and conclusions as to the plaintiff's claims. *Cox v. Babcock and Wilcox Co.,* 471 F.2d 13, 14 (4th Cir.1972). When reviewing a judgment where the jury's findings are advisory only, we must apply the "clearly erroneous" test to the court's findings. Fed.R.Civ.P. 52(a); *Security Mutual Cas. Co. v. Affiliated FM Ins. Co.,* 471 F.2d 238, 245 (8th Cir.1972). The

---

**2.** This letter informs the applicant that he has been conditionally selected (promoted) for an advanced position within the agency. The letter will list certain requirements that the applicant must meet to become certified, and thus selected, for the position applied for, e.g., written and practical examinations in this case. If the applicant meets the requirements, he will remain in that position. If he does not meet the listed requirements, he will be demoted to his previous position. (R.Vol. V pp. 309–10).

**3.** Trotter received a score of 10% on the examination. A score of 70% was necessary to pass. This examination, referred to as the "Waveguide Localizer Concepts (Theory) Examination", is considered a vital aspect in judging the ability of an employee to adequately perform in the electronics technician position. (R.Vol. VI p. 445). This consideration by the FAA is obviously aimed at maintaining public safety.

**4.** The plaintiff also raises, in the first instance on appeal, a challenge to the makeup of the jury. He urges us to overturn the verdict be-

cause the all-white jury in this case, which involves a black civil rights plaintiff, will inherently act prejudicially. *See* Brief of Appellant at 20–21. We reject this contention solely on the ground that the plaintiff, after demanding a jury trial, was represented by counsel during jury selection and at no time challenged the racial composition of the jury. Any challenge to the racially motivated systematic exclusion of jurors in the United States District Courts must be raised before or during voir dire examination. 28 U.S.C. §§ 1862, 1867(c). Thus, Trotter may not now raise this claim for the first time on appeal. *United States v. Grose,* 525 F.2d 1115, 1118 (7th Cir.1975), *cert. denied,* 424 U.S. 973, 96 S.Ct. 1477, 47 L.Ed.2d 743 (1976); *United States v. De Alba-Conrado,* 481 F.2d 1266, 1269 (5th Cir.1973). *See also United States v. Jobe,* 487 F.2d 268, 270 (10th Cir. 1973), *cert. denied,* 416 U.S. 955, 94 S.Ct. 1968, 40 L.Ed.2d 305 (1974).

We also note that we need not reach the defendants' contention that the district court erred by denying the defendants' motion to dismiss the plaintiff's *Bivens* claims.

findings of a trial court are not clearly erroneous unless a complete review of the record definitely and firmly convinces us that a mistake has been made. *Beck v. Quiktrip Corp.,* 708 F.2d 532, 535 (10th Cir. 1983). A review of the entire record in this case convinces us that the trial court was not clearly erroneous in finding that the plaintiff failed to establish a *prima facie* case on his Title VII claim.

■ The Supreme Court of the United States has elicited a four-prong test for a plaintiff to meet when establishing a *prima facie* case of racial discrimination in employment under Title VII. He must show "(i) that he belongs to a racial minority; (ii) that he ... was qualified for [the position] ...; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications." *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). *See also Mohammed v. Callaway,* 698 F.2d 395, 398 (10th Cir.1983). We agree with the district court that Trotter failed to meet this test.[5] Although a member of a racial minority, Trotter obviously was not "qualified" for the advanced electronics technician position. His failure, by a wide margin, of the vital "Concepts" exam on the waveguide localizer after extensive study time and tutoring,[6] presented substantial evidence of Trotter's inability to adequately perform in this advanced position. Further, the defendants Todd and Little did comply with FAA internal policy regarding retake examinations.

■ Trotter argues that the district court erred by excluding opinion testimony of a lay witness, Claude Mays, an FAA employee, as to the discriminative motive of the defendants. The extent of admissibility of opinion testimony by lay witnesses is governed by Fed.Rules Evid.Rule 701, 28 U.S. C.A. Rule 701 provides in pertinent part:

If the witness is not testifying as an expert, his testimony in the form of opinions ... is limited to those opinions ... which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

We have held that the qualification of such a witness is a preliminary question within the sound discretion of the trial court. *Randolph v. Collectramatic, Inc.,* 590 F.2d 844, 847 (10th Cir.1979). This determination must be upheld absent a showing that it was clearly erroneous or that a clear abuse of judicial discretion existed. *Id.* Our review of the entire record reveals that the district court did not err in excluding the proffered testimony of Claude Mays as to the ultimate issue—whether race-based employment discrimination existed in the Kansas City Sector of the FAA. The jury was presented substantial admissible evidence on this matter from which they could draw their own conclusions of law as to the ultimate issue. *See Denny v. Hutchinson Sales Corp.,* 649 F.2d 816, 822 (10th Cir. 1981).

■ Finally, Trotter contends that the trial court erred in denying his motion for judgment notwithstanding the verdict and his motion for a new trial on his § 1981 claim. We hold that the district court prop-

---

**5.** In *Mohammed,* we recognized the Supreme Court's qualification in *McDonnell Douglas* "that the prima facie case is a flexible standard that may differ according to differing fact situations." *Mohammed, supra.* We noted that *Mohammed* differed from *McDonnell Douglas* because it involved an alleged discriminatory refusal to *promote* in contrast to an alleged discriminatory refusal to hire. Although the instant case presents a question regarding the alleged discriminatory refusal to *promote,* as in *Mohammed,* we do not find it appropriate to manipulate the test here since we hold that

Trotter simply did not qualify for the promotion.

**6.** Trial testimony revealed that Trotter was tutored in advance of his first attempt at the waveguide localizer concepts examination. Other promotion applicants received assistance only after first failing the exam. (R.Vol. VI pp. 386–89, 407, 410). In addition, more hours of study time for this examination were available to Trotter than to any other promotion applicant. (R.Vol. VI pp. 447, 450–56).

erly denied both motions. A motion for a judgment notwithstanding the verdict must be predicated by a motion for a directed verdict pursuant to Rule 50(a) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 50(b); *Continental Baking Co. v. Utah Pie Co.,* 349 F.2d 122, 156 (10th Cir.1965), *rev'd on other grounds,* 386 U.S. 685, 87 S.Ct. 1326, 18 L.Ed.2d 406, *reh'g denied,* 387 U.S. 949, 87 S.Ct. 2071, 18 L.Ed.2d 406 (1967). There is no evidence in the record that the plaintiff made the requisite motion for directed verdict.

■ The trial court's ruling on a motion for a new trial is within the sound discretion of the court and will not be disturbed on appeal absent a clear showing of abuse of discretion. *Howard D. Jury, Inc. v. R. & G. Sloane Manufacturing Co., Inc.,* 666 F.2d 1348, 1352 (10th Cir.1981); *Rasmussen Drilling v. Kerr-McGee,* 571 F.2d 1144, 1149 (10th Cir.1978), *cert. denied,* 439 U.S. 862, 99 S.Ct. 183, 58 L.Ed.2d 171 (1978). No error in any ruling by a trial court contemplates a ground for a new trial unless the action is inconsistent with substantial justice. Fed. R.Civ.P. 61.

■ After reviewing the record, we agree with the district court that no error was committed in this case and that, therefore, substantial justice was done. Further, there was no abuse of discretion in dismissing the plaintiff's § 1981 claim at the close of his case. The Supreme Court has held that a cause of action pursuant to 42 U.S.C. § 2000e–16 for employment discrimination precludes a claim under 42 U.S.C. § 1981, *et seq. Great American Federal Savings & Loan Assoc. v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957 (1979); *Brown v. General Service Admin.,* 425 U.S. 820, 96 S.Ct. 1961, 40 L.Ed.2d 402 (1976). Thus, the district court properly dismissed Trotter's § 1981 claim.

WE AFFIRM.