F I L E D
United States Court of Appeals
Tenth Circuit

OCT 14 1997

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RENAUD BELHOMME,

      Plaintiff-Appellant,

v.

SHEILA WIDNALL, Secretary of the
Department of the Air Force,

      Defendant-Appellee.

No. 96-2305

Appeal from the United States District Court
for the District of New Mexico
(D.C. No. D.C. No. CIV-93-711-M)

**Submitted on the briefs:**[*]

Renaud Belhomme, Pro Se.

John J. Kelly, United States Attorney and Phyllis A. Dow, Assistant United States
Attorney, Albuquerque, New Mexico, for Defendant-Appellee.

Before **BRORBY EBEL** and **KELLY**, Circuit Judges.

---

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cause therefore is ordered
submitted without oral argument.

**EBEL**, Circuit Judge.

The appellant challenges the dismissal of his statutory and constitutional claims arising out of his termination from a civilian position with the Air Force at Kirtland Air Force Base. Although we differ in some respects from the district court's rationale, we affirm the district court's judgment on all of the appellant's claims: the appellant's individual claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (as amended), was time-barred under the regulations of the Equal Employment Opportunity Commission (EEOC); his class-action claim was not presented to the EEOC; and his other statutory and constitutional claims either fail to state a claim as a matter of law or are preempted by provisions of Title VII.

I.

Because the sequence and timing of events in this case controls the outcome, we must itemize the chronology of the case in particular detail. Renaud Belhomme, a black of Haitian national origin, was hired by the Air Force to work as a front desk clerk in the billeting office at Kirtland Air Force Base. On December 16, 1988, less than two months after Mr. Belhomme began work, the Air Force fired him for insubordination. The record reflects that this insubordination consisted of Mr. Belhomme's failure to answer the phone when

directed to do so, and his failure to come to his supervisor's office promptly upon being requested to do so, considered against a backdrop of other complaints against Mr. Belhomme.

Mr. Belhomme complained that his firing actually resulted from his supervisor's racial and national-origin discrimination. An internal investigation by the Air Force Civilian Appellate Review Agency confirmed Mr. Belhomme's characterization of his supervisor as rude and abrasive, and that Mr. Belhomme had been criticized for his French Caribbean accent. The investigation concluded, however, that Mr. Belhomme's termination was not motivated by illegal discrimination.

On June 21, 1991, the Air Force issued its proposed determination of no illegal discrimination in Mr. Belhomme's case. Mr. Belhomme requested a hearing, which was held before an administrative law judge of the EEOC on August 16, 1991. The judge issued her bench decision by telephone on August 27, 1991, and on December 13, 1991, the Air Force adopted her conclusion, that Mr. Belhomme was not the victim of illegal discrimination, as its final agency action. On January 6, 1992, Mr. Belhomme appealed the Air Force's decision to the EEOC.

The EEOC issued its decision affirming the Air Force's conclusions on August 13, 1992. The notice informed Mr. Belhomme that he had thirty days

from his receipt of the decision either to file a civil action in district court or to file a request under the Commission's regulations to reopen the case. Mr. Belhomme received his copy of the decision by certified mail on August 17, 1992, giving him until September 16, 1992, to respond. Two days after this deadline, on September 18, 1992, Mr. Belhomme filed a petition to reopen the EEOC case. On April 29, 1993, the Commission denied the petition as untimely. In this denial, the commission again informed Mr. Belhomme that he had a right to file a civil action in district court to challenge the underlying Air Force decision within thirty days.

Thirty-five days later, on June 2, 1993, Mr. Belhomme filed this action, denominated as a class action, alleging violations of his rights under Title VII, 42 U.S.C. § 2000e-16; the Civil Rights Acts of 1866 and 1871, 42 U.S.C. § 1981 and 42 U.S.C. § 1983; and the First, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution. The district court converted the motion of the Secretary of the Air Force for judgment on the pleadings into a motion for summary judgment and granted judgment in favor of the Secretary. The court found that Mr. Belhomme had not filed his petition to reopen the EEOC case within the time set by 42 U.S.C. § 2000e-16(c), and that his claim for class-action status was barred because he failed to present it to the EEOC. The court did not explicitly address Mr. Belhomme's constitutional or other statutory claims.

II.

We review a district court's grant or denial of summary judgment de novo

applying the same legal standard used by the district court pursuant to Fed. R.

Civ. P. 56(c). See Roe v. Cheyenne Mountain Conference Resort, Inc., ___ F.3d

___, No. 96-1086, 1997 WL 536061, at *11 (10th Cir. Sept. 2, 1997). When

applying this standard, we examine the factual record in the light most favorable

to the party opposing summary judgment. See id. In this case, because the party

opposing summary judgment appears pro se, we will interpret his pleadings

generously. See Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

A federal employee who claims that he was the victim of illegal

employment discrimination may bring a claim in district court under Title VII.

See 42 U.S.C. 2000e-16(c). As a prerequisite to his suit,[1] the federal employee

---

[1]The Secretary argues that the filing deadline of 42 U.S.C. § 2000e-16(c) is jurisdictional. (See Appellee's Br. at 8 (citing Knopp v. Magaw, 9 F.3d 1478, 1479 (10th Cir. 1993)). We believe, however, that current case law treats the filing deadline not like a non-waivable question of subject-matter jurisdiction, but rather as a waivable statute of limitation that is subject to equitable tolling. See Irwin v. Department of Veterans Affairs, 498 U.S. 89, 95-96 (1990); see also Roe v. Cheyenne Mountain Conference Resort, Inc., ___ F.3d ___, No. 96-1086, 1997 WL 536061, at *3 (10th Cir. Sept. 2, 1997) ("[W]e have regarded Title VII's timeliness requirements as being in the nature of statutes of limitations and thus subject to waiver or forfeiture, rather than being jurisdictional."); Million v. Frank, 47 F.3d 385, 389 (10th Cir. 1995) ("Compliance with filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling.").

must file an administrative complaint concerning his allegations, and he may not

bring his suit more than ninety days after receiving a final decision from either

his employing agency or from the EEOC. See id.[2] Under the EEOC's

administrative rules, a complainant may file a petition to reopen his case within

thirty days of receiving the EEOC's final action. See 29 C.F.R. 1613.235(b)

(1991).[3] This circuit has held that a timely petition for reconsideration will toll

---

[2]The district court erroneously assumed that the time limit for filing suit in this case was thirty days from the agency's final action. This assumption apparently was based on the district court's belief that Mr. Belhomme's suit was controlled by the version of 42 U.S.C. § 2000e-16(c) that existed prior to the Civil Rights Act of 1991. Cf. Million v. Frank, 47 F.3d 385, 390 (10th Cir. 1995) (holding that the thirty-day deadline applies to a claim that "arose" prior to the 1991 act).

In 1991, Congress amended subsection 16(c) to provide federal employees with a longer statute of limitation for Title VII suits: ninety days. See Pub. L. 102-166, § 114(1), 105 Stat. 1079 (1991) (codified at 42 U.S.C. § 2000e-16(c)). This amendment went into effect on November 21, 1991 when President Bush signed the act. See 42 U.S.C. § 2000e-16, Historical and Statutory Notes.

Other courts that have faced the question of retroactive application of the new ninety-day filing deadline have held uniformly that when the EEOC's final action occurs after the effective date of the act, then the new ninety-day deadline applies to the case even if the underlying employment decision occurred before the act went into effect. See Forest v. United States Postal Serv., 97 F.3d 137, 139-41 (6th Cir. 1996); Wilson v. Pena, 79 F.3d 154, 162 (D.C. Cir. 1996); Metsopulos v. Runyon, 918 F. Supp. 851, 860 (D.N.J. 1996).

Million is not contrary to this rule. See Million, 47 F.3d at 390. In Million, both the EEOC final action and the plaintiff's civil action were filed before the effective date of the new ninety-day filing deadline. See id. at 387. Thus, it was appropriate to apply the thirty-day deadline of the old subsection 16(c), and it was unnecessary to decide the question of retroactive application of the new subsection.

[3]In 1992, the EEOC amended its regulation for petitions to reconsider a

(continued...)

the filing deadline for a suit in district court, but an untimely petition will have no tolling effect.  See Martinez v. Orr, 738 F.2d 1107, 1109 (10th Cir. 1984).

In this case, Mr. Belhomme's petition to reopen his EEOC case was filed two days after the EEOC's thirty-day administrative deadline.  See 29 C.F.R. 1613.25(b) (1991).  Thus, Mr. Belhomme's petition was not timely.  Under Martinez, then, his petition to reopen may not toll the ninety-day filing deadline applicable under Title VII.  See Martinez, 738 F.2d at 1109.  Because Mr. Belhomme filed this civil action more than ninety days after the EEOC's final action, the district court was barred from considering it.  See 42 U.S.C. § 2000e-16(c).  The district court properly dismissed Mr. Belhomme's individual claim pursuant to Title VII.

On Mr. Belhomme's claim for class-action status under Title VII, the district court properly dismissed the issue because Mr. Belhomme failed to raise the claim at any point in the administrative process either before the Air Force or EEOC.  A federal employee must exhaust his class action claim with the EEOC before raising it in federal court, and exhaustion of an individual Title VII claim

---

[3](...continued)
final decision.  See 29 C.F.R. 1613.407 (1992).  However, the filing deadline for such petitions remained the same under the new regulation.  Thus, we need not decide in this case whether the EEOC was correct in its decision to apply the old 1991 regulation to Mr. Belhomme's case even though the agency rendered its decision on his petition to reopen after the new 1992 regulation had gone into effect.

is not sufficient to exhaust a class action claim. See Gulley v. Orr, 905 F.2d 1383, 1385 (10th Cir. 1990).

The district court did not address Mr. Belhomme's claims under the Constitution, 42 U.S.C. § 1983, and 42 U.S.C. § 1981, but we believe that these claims also are without merit. First, Mr. Belhomme's claims under the Constitution fail because the Supreme Court has clearly stated that a federal employee's only avenue for judicial relief from federal employment discrimination is through Title VII. See Brown v. General Servs. Admin., 425 U.S. 820, 828-829, 835 (1976). As a result, Title VII preempts any constitutional cause of action that a court might find under the First or Fifth Amendments for discrimination in federal employment.[4] See Bush v. Lucas, 462 U.S. 367, 368 (1983) (refusing to find a cause of action under the First Amendment for a disciplined federal employee because of the remedies available from the Civil Service Commission); see also Petrini v. Howard, 918 F.2d 1482, 1483-1484 (10th Cir. 1990) (applying Bush to First Amendment claim of teachers for the Bureau of Indian Affairs).

---

[4]Mr. Belhomme's claim under the Fourteenth Amendment is insufficient as a matter of law because the Amendment applies only to the states, not the federal government. See U.S. Const. amend XIV, § 1. Mr. Belhomme makes no showing as to how the Ninth Amendment is relevant to his case. See U.S. Const., amend IX.

Second, Mr. Belhomme's claim under 42 U.S.C. § 1983 fails as a matter of law because this section applies to actions by state and local entities, not to the federal government. See Wheeldin v. Wheeler, 373 U.S. 647, 650 & n.2 (1963); see also Campbell v. Amax Coal Co., 610 F.2d 701, 702 (10th Cir. 1979) ("[Section] 1983 . . . does not apply to federal officers acting under color of federal law.") The record in this case does not reflect any allegation by Mr. Belhomme that his superiors at Kirtland Air Force Base were acting under color of state law.

Finally, Mr. Belhomme's claim under 42 U.S.C. § 1981 also fails because of preemption from Title VII -- a federal employee may not assert a claim for racial discrimination in his employment relationship except through the mechanism provided in 42 U.S.C. § 2000e-16. See Brown, 425 U.S. at 823, 835 (affirming dismissal of section 1981 claim because of failure to meet Title VII requirements); Trotter v. Todd, 719 F.2d 346, 350 (10th Cir. 1983) (holding that Title VII precludes a claim under section 1981 for racial discrimination against a federal employee). But see Meade v. Merchants Fast Motorline, Inc., 820 F.2d 1124, 1126-27 (10th Cir. 1987) (holding that a claim for discrimination in private employment is not preempted by Title VII).

For the foregoing reasons, the judgment of the district court is AFFIRMED.