**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 2 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES A. PERSONS; BILLY D.
LINK; RICHARD K. MILNE;
DAMION W. BENEDICT; RALPH
DUNLAP; THEODORE DELCI, and
all other persons similarly situated;

      Plaintiffs-Appellants,

v.

MARVIN RUNYON, Postmaster
General, United States Postal Service,

      Defendant-Appellee.

No. 98-3090
(D.C. No. 96-CV-4089)
(D. Kan.)

---

**ORDER AND JUDGMENT**   *

---

Before **BRORBY** , **EBEL** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument.  <u>See</u> Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiffs Charles A. Persons, Billy D. Link, Richard K. Milne, Damion W. Benedict, Ralph Dunlap, and Theodore Delci (hereinafter designated as "plaintiffs") appeal from summary judgment granted in favor of defendant Marvin Runyon, Postmaster General of the United States Post Office (hereinafter designated as "the USPS").  Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

We review the grant of summary judgment *de novo*, applying the legal standards set forth in Federal Rule of Civil Procedure 56(c).  *See Roe v. Cheyenne Mountain Conference Resort, Inc.*, 124 F.3d 1221, 1234-35 (10th Cir. 1997).

Plaintiffs, in a class-action suit that has not been certified, allege that they are victims of a nationwide scheme by the USPS to rid itself of veterans by unlawfully discriminating against them.  *See* Plaintiffs' Second Amended Complaint at ¶ 17.  They claim to have been terminated or forced into resigning or taking early retirement by the USPS's discriminatory practices and illegal reductions in force.  *See id.* at ¶ 28, ¶ 40.  Plaintiffs sought relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-16a; the Civil Rights Act of 1866, 42 U.S.C. § 1981a; the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a; the Vietnam Era Veterans Readjustment Assistance Act of 1974

(VEVRA), 38 U.S.C. § 4214; the Veterans Preference Act (VPA), 5 U.S.C. § 2108; the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346; the Civil Rights Act of 1871, 42 U.S.C. §§ 1983, 1985(3) & 1986; the Rehabilitation Act, 29 U.S.C. 701; the federal constitution; and numerous federal statutes and regulations governing federal personnel administration and ethics, including the Civil Service Reform Act (CSRA), 5 U.S.C. §§ 7101-7135; the Federal Service Labor-Management Relations Act (FSLMRA), 5 U.S.C. §§ 7114, 7116 & 7117; and the Rules of Conduct for Postal Employees, 39 C.F.R. § 447.21. *See* Plaintiffs' Second Amended Complaint at ¶¶ 31-53. Plaintiffs alleged that Mr. Persons, the "lead plaintiff," had filed all of the required administrative actions, but admitted that the other plaintiffs had not exhausted their administrative remedies because it was "futile and historically a waste of time and effort for individuals in this Plaintiff Class." *Id.* at ¶ 6.

The district court concluded that the USPS was entitled to summary judgment because plaintiffs failed to state claims upon which relief could be granted under 42 U.S.C. § 1981a and § 1983, *see* Order at 4 & 8; that they had failed to exhaust their administrative remedies as to the employment discrimination claims based on Title VII, the ADEA, and the Rehabilitation Act, *see id.* at 10; that the USPS is immune from plaintiffs' suits for constitutional torts, *see id.*; that plaintiffs could not sue for breach of the collective bargaining

agreement because they did not allege that their union breached its duty of fair representation or that the USPS repudiated the agreement's remedial procedures, *see id.* at 11-12; that they had no private rights of action under the VPA or VEVRA, *see id.* at 12; that they had failed to file the required administrative claims to proceed under the FTCA, *see id.* at 13; that they were precluded under the doctrine of sovereign immunity and Title VII from suing the USPS under 42 U.S.C. §§ 1985(3) & 1986, *see id.* at 14-15; and that their claims under the CSRA, the FSLMRA, and the Rules of Conduct failed for lack of standing or for failure to exhaust administrative remedies, *see id.* at 15-16.

Critically, on appeal plaintiffs do not challenge the majority of the court's rulings. In regard to the court's determination that plaintiffs' various discrimination claims are procedurally barred for failure to exhaust administrative remedies, they object on three general bases. First, they allege that the court erred in not accepting Mr. Person's 1993 filing of an Equal Employment Opportunity Commission (EEOC) claim and his 1995 untimely request for review by the Merit Systems Protection Board (in which he challenged his 1993 retirement) as sufficient to satisfy the exhaustion of administrative remedies requirement. Second, they argue that the doctrine of equitable estoppel as described in *Manzi v. United States*, 198 Ct. Cl. 489, 1972 WL 20799 (Ct. Cl. May 12, 1972) (No. 451-69), applies to excuse or toll Mr. Persons' failure to

-4-

exhaust his administrative remedies. For the reasons stated in the district court's March 6, 1998 Memorandum and Order, we hold that these arguments are without merit. *See* Order at 5-10.

Plaintiffs raise a new argument on appeal, admitting that while, at the time the class action suit was filed, none of the other plaintiffs had filed the required administrative law actions, Billy D. Link has since fully exhausted his remedies and should now be designated as lead plaintiff in this suit. We have reviewed Mr. Link's EEOC claim and the final agency decision finding no discrimination. Mr. Link's claim asserted five distinct acts of discriminatory conduct in 1990-92 arising from suspensions or other disciplinary actions taken by the USPS after Mr. Link had been absent from work. *See* Appellants' Br. at Attachment 7. He alleged that relatives of management had missed more time than he had without being disciplined, and claimed that the reason he was disciplined was because of his disabilities. *See id.* While he did state that "[w]hat the postal service did to me and other veterans is wrong and it must stop," *id.*, he did not follow the procedure or allege any facts establishing a class complaint as required by 29 C.F.R. § 1614.204. Since 1977, persons requesting class action remedies have been required to follow these procedures, and we have consistently held that "exhaustion of individual administrative remedies is insufficient to commence a class action in federal court . . . one of the named

plaintiffs must have exhausted *class* administrative remedies." *Gulley v. Orr*, 905 F.2d 1383, 1385 (10th Cir. 1990) (emphasis added); *accord*, *Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997), *cert. denied*, 118. S. Ct. 1569 (1998). The district court properly held that no named plaintiffs have exhausted class administrative remedies.

Plaintiffs' argument that the USPS should be equitably estopped from relying on the defense of failure to exhaust administrative remedies because it was responsible for Mr. Persons' alleged incapacitation was not raised before the district court and thus will not be considered by this court. *See Rademacher v. Colorado Ass'n of Soil Conservation Dists. Med. Benefits Plan*, 11 F.3d 1567, 1571 (10th Cir. 1993).

Plaintiffs' next claim of error involves what they perceive as an erroneous interpretation of the USPS's responsibilities to disabled employees under the Rehabilitation Act. Because plaintiffs' claims under this act were foreclosed due to their failure to exhaust administrative remedies, alleged substantive error will not be reviewed by this court. *See Khader v. Aspin*, 1 F.3d 968, 971 & n.3 (10th Cir. 1993) (stating that exhaustion of administrative remedies is a jurisdictional prerequisite to instituting Title VII or Rehabilitation Act actions in federal court).

Plaintiffs claim that the trial court did not address their civil rights claims of disparate treatment and disparate impact, and that the trial court improperly

stayed discovery. They complain that because discovery was stayed until resolution of defendant's motion to dismiss, they were not able to gather evidence to prove the existence of their disparate treatment claim. As mentioned above, the court *did* address plaintiffs' claims of discrimination, holding that they were all barred for failure to exhaust administrative remedies. *See* Order at 5. Again, plaintiffs disregard the impact of a procedural jurisdictional bar on any right to proceed with suit in district court. The court properly dismissed plaintiffs' discrimination claims and properly stayed discovery.

The judgment of the United States District Court for the District of Kansas is AFFIRMED.

Entered for the Court

David M. Ebel
Circuit Judge