**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 02-30402
Summary Calendar

GENNIE L. GANTT

Plaintiff - Appellant

VERSUS

UNITED STATES DEPARTMENT OF ARMY

Defendant - Appellee

Appeal from the United States District Court
For the Western District of Louisiana
01-CV-1592
September 19, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges

PER CURIAM:[*]

The only significant issue which merits discussion on appeal is Gantt's argument that the district court erred in denying his motion for new trial based on newly discovered evidence.

The district court concluded that Gantt's action was time barred for the following reason:

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On December 22, 1998, the EEOC issued its decision affirming the Army's final agency decision. Gantt had thirty days from the **receipt** of that notice to file for reconsideration. Fed.R.Civ.P.6(e) states that service by mail adds 3 days to a period computed from time of service. Gantt mailed his request for reconsideration on January 26, 1999. Thirty three days from December 22 is January 24. Gantt's request was mailed January 26; therefore, it was not timely and could not toll the statutory time limit. A timely petition for reconsideration will toll the filing deadline in district court, but an untimely petition has no tolling effect. Belhomme v. Widnall, 127 F.3d 1214, 1216-17(10th Cir. 1997). Accordingly, summary judgment will be granted and Gantt's suit will be dismissed.

Gantt filed no affidavit or other evidence with his summary judgment evidence indicating when he received the EEOC's decision affirming the Army's final decision. Thus, in the absence of evidence from Gantt as to the date he received that decision, the district court applied the Federal Rule of Civil Procedure 6(e) to determine when, under the rules, Gantt was deemed to have received the notice of the EEOC's decision.

Following the district court's dismissal of his suit, Mr. Gantt filed a timely Rule 59(e) motion. Gantt attached a return receipt to his motion and stated in his memorandum that Gantt received the EEOC decision on December 28, 1998. Assuming that Gantt received the decision on December 28th instead of December 26th, as determined by the district court by applying Rule 6(e) F.R.C.P., Gantt timely mailed his request for reconsideration.

2

The district court did not abuse its discretion in declining to consider Gantt's new evidence and grant a new trial under these circumstances.

In deciding whether to consider new evidence filed in support of a Rule 59(e) motion, the court should consider such factors as: (1) the reasons for a moving party's failure to furnish evidence as part of his original summary judgment evidence; (2) the importance of the evidence to the moving party's case; (3) whether the omitted evidence was available before the moving party responded to the motion for summary judgment; and (4) the likelihood of prejudice to the non-moving party if the case is reopened. Lavespere v. Niagara Mach. & Tool Works, Inc. 910 F.2d 167, 174(5th Cir. 1990).

The return receipt was Mr. Gantt's document and he failed to explain in his memorandum in support of his motion for new trial why the certified mail receipt constituted newly discovered evidence; that is, why it was not available to him to provide as part of his original summary judgment evidence. Mr. Gantt offered no evidence to show that the receipt was not available to him prior to the entry of the summary judgment. The unexcused failure to present evidence which is available at the time a motion is under consideration is a legitimate reason for denying a motion to reconsider. Matador Petroleum Corp. v. St. Paul Surplus Lines Insurance. Co., 174 F.3d 653, 658 n.1(5th Cir. 1999); Russ v. International Paper Co., 943 F.2d 589, 593 (5th Circ. 1991). See also, Lake Hill Motors, Inc. V. Jim Bennett Yacht Sales, Inc., 246

3

F.3d 752, 758 (5th Cir. 2001).

Even if the district court had considered the return receipt Gantt filed in his Rule 59 motion, the receipt alone did not establish that the EEOC decision was delivered along with the envelope containing the receipt. In other words, the return receipt had a reference number on its face that corresponds to Gantt's case, but Gantt filed no affidavit asserting that the return receipt accompanied the EEOC decision.

Accordingly, for the reasons stated above, the district court did not abuse its discretion in denying Mr. Gantt's motion for new trial.

AFFIRMED.

4