Susan E. PETERSON, Plaintiff,

v.

**R.L. BROWNLEE, Acting Secretary, Department of the Army Defendant.**

**No. 03–2329–JWL.**

United States District Court, D. Kansas.

April 23, 2004.

Kevin A. Graham, Timothy J. Flook, Flook & Graham, P.C., Liberty, MO, for Plaintiff.

Connie R. DeArmond, Wichita, KS, for Defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Susan E. Peterson brought this action asserting sexual harassment, sexual discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991.[1] The matter is presently before the court on defendant's motion for partial dismissal for failure to state a claim upon which relief can be granted and his motion for a more definite statement. (Doc. 16). Therein, the defendant moves to dismiss: (1) all

Title VII claims that Ms. Peterson allegedly failed to exhaust properly; (2) all claims asserted under the Civil Rights Act of 1991; and (3) her demand for punitive damages. Additionally, the defendant moves for a more definite statement of the allegations contained in paragraph twenty-one of the complaint.

The court grants the defendant's motion in part, and denies it in part. Specifically, the court denies defendant's motion to dismiss for Ms. Peterson's alleged failure to exhaust properly her administrative remedies. Ms. Peterson has generally alleged that all conditions precedent to filing this action have been satisfied, and this allegation is sufficient to survive a motion to dismiss. The court, however, grants the defendant's motion to dismiss Ms. Peterson's § 1981 claims. Title VII preempts such claims for federal employees, and § 1981 is inapplicable where, as here, the allegedly wrongful conduct was carried out under color of federal law. The court grants the defendant's motion to dismiss Ms. Peterson's request for punitive damages because Congress has expressly provided that such damages cannot be recovered from the government. Finally, the court denies defendant's request for a more definite statement.

## BACKGROUND

On June 20, 2003, Susan E. Peterson filed her complaint in this matter. Ms. Peterson alleges that the action arises under Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 1981a. *See* Complaint at ¶ 2. As a result of the defendant's acts and omis-

---

1. Plaintiff originally named Secretary Thomas E. White as the defendant. Secretary White, however, resigned from his post in April of 2003. R.L. Brownlee is now the Acting Secretary of the Army. Under these circumstances, "the action does not abate and the officer's successor is automatically substituted as a party." Fed.R.Civ.P. 25(d)(1). In compliance with this rule, the court substitutes Acting Secretary Brownlee as the defendant in this action.

sions, Ms. Peterson alleges that she endured sexual harassment, sexual discrimination, and retaliation in violation of Title VII. In her prayer for relief, Ms. Peterson requests, among other remedies, an award of punitive and liquidated damages. *See* Complaint at ¶ 55(E).

Ms. Peterson further states that she has exhausted her administrative remedies. In particular, she alleges in her complaint that "[a] decision containing Plaintiff's rights to file this action (attached hereto as Exhibit 'A') was issued by the Equal Employment Opportunity Commission (EEOC) on March 20, 2003 and received by Plaintiff on March 25, 2003." *See* Complaint at ¶ 3. In the attached EEOC ruling, the Commission indicates that its decision is final and that there is no further right of administrative appeal from its decision. Additionally, Ms. Peterson alleges that "[a]ll conditions precedent to filing this action have been met." *See* Complaint at ¶ 6.

The defendant filed his motion for partial dismissal for failure to state a claim upon which relief can be granted on March 16, 2004. Ms. Peterson filed her response on April 8, 2004, and the defendant filed his reply on April 16, 2004.

## STANDARD

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Poole v. County of Otero*, 271 F.3d 955, 957 (10th Cir.2001) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)), or when an

issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Smith v. Plati*, 258 F.3d 1167, 1174 (10th Cir.2001). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).

## DISCUSSION

The defendant raises three separate challenges to Ms. Peterson's complaint. First, he alleges that Ms. Peterson failed to exhaust properly all of her Title VII claims. Second, he contends that Title VII preempts Ms. Peterson's claims under 42 U.S.C. § 1981, and, alternatively, that the act does not apply to officials acting under color of federal law. Finally, the defendant argues that as a federal employee, Ms. Peterson may not recover punitive damages from her employer. Additionally, the defendant moves pursuant to Fed. R.Civ.P. 12(e) for a more definite statement pertaining to the allegation contained in paragraph twenty-one of plaintiff's complaint. The court addresses each challenge in turn.[2]

## I. Failure to Exhaust Administrative Remedies

As a federal employee, Ms. Peterson must bring a complaint of discrimina-

---

**2.** In his reply, the defendant also argues that all claims that have been grieved through the union process are subject to dismissal. The court does not consider this argument as it was raised for the first time in defendant's reply brief. *Liebau v. Columbia Cas. Co.*, 176

F.Supp.2d 1236, 1244 (D.Kan.2001) ("Courts in this district generally refuse to consider issues raised for the first time in a reply brief."). Of course, the defendant is free to raise this issue on a motion for summary judgment.

tion to the attention of an EEO counselor within 45 days of the occurrence or conduct giving rise to the complaint. 29 C.F.R. § 1614.105(a)(1). The defendant contends that several of the alleged discriminatory acts Ms. Peterson complained of at the administrative level occurred more than 45 days prior to her filing a complaint with the EEO counselor, and therefore, that these claims are subject to dismissal. The court disagrees.

The Tenth Circuit has held that a federal employee's compliance with the forty-five day time limit set forth in § 1614.105(a)(1) is not a jurisdictional requirement for filing suit under Title VII. *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1324–26 (10th Cir.2002) (citing *Jones v. Runyon*, 91 F.3d 1398, 1399 n. 1 (10th Cir.1996)). Instead, the requirement is a condition precedent to filing suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling. *See Million v. Frank*, 47 F.3d 385, 389 (10th Cir.1995) (noting that compliance with filing requirements in Title VII are conditions precedent to filing suit) (citing *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir.1983)); *see also Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir.1996) (noting that Title VII's requirement that a plaintiff file a complaint within ninety days of receipt of an EEOC notice of a final action is a condition precedent to suit). For pleading purposes, federal rules do not require Ms. Peterson to plead with particularity facts that demonstrate compliance with these conditions precedent. Instead, "it is sufficient to aver generally that all conditions precedent have been performed or have occurred." Fed.R.Civ.P. 9(c).

As explained above, Ms. Peterson alleged, in paragraph six of the complaint, that "[a]ll conditions precedent to filing this action have been met." This general allegation satisfies the pleading require-

ment set forth in Rule 9(c), and it is sufficient to withstand a motion to dismiss. *Schmitt v. Beverly Health and Rehabilitation Serv., Inc.*, 962 F.Supp. 1379, 1383 (D.Kan.1997) (finding that a general allegation that the plaintiff has satisfied the conditions precedent to filing a Title VII claim is sufficient to withstand a motion to dismiss); *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982) (explaining that plaintiff must only allege generally in his complaint that all conditions precedent to the institution of the lawsuit have been fulfilled); *Stearns v. Consolidated Mgmt., Inc.*, 747 F.2d 1105, 1111 (7th Cir.1984) (explaining that where filing requirement is simply a condition precedent then the complaint was sufficient if it generally alleged that all conditions precedent had been fulfilled).

Defendant disputes the factual validity of Ms. Peterson's general averment by relying on matters outside the pleading. The court, however, may not consider such matters on a motion to dismiss. *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir.) (quotations and citation omitted) (explaining that for purposes of a motion to dismiss the court is "not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."), cert. denied, 537 U.S. 1066, 123 S.Ct. 623, 154 L.Ed.2d 555 (2002). While the court could consider these issues by converting defendant's motion to dismiss into a motion for summary judgment, it declines to do so given that neither party has fully developed the factual issues surrounding the Title VII exhaustion issue. *See Lybrook v. Members of the Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir.2000) (recognizing district court's discretion to decide whether to convert a motion to dismiss into one for summary judgment and re-

jecting argument that court abused its discretion in failing to do so where the parties attached materials beyond the pleadings to their motions). As such, the court denies defendant's motion to dismiss on this basis. The defendant, however, may renew this argument on a fully developed and briefed motion for summary judgment. *See, e.g., Barnes v. Anne Arundel County Bd. of Educ.,* 2001 WL 121962, at *1 (D.Md. Jan.29, 2001) (explaining that discovery would afford the defendants the means to determine whether the plaintiff failed to satisfy one or more of Title VII's statutory requirements, and if so, that they could raise the issue on summary judgment).

## II. Claims under Civil Rights Act of 1991, 42 U.S.C. § 1981

■ In her complaint, Ms. Peterson alleges that her action arises under both Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, 42 U.S.C. § 1981. The defendant argues that Ms. Peterson's § 1981 claims are preempted by Title VII, and alternatively, that § 1981 does not apply to officials acting under color of federal law. The court agrees.[3]

Title VII permits a federal employee who claims that she was the victim of illegal employment discrimination to bring an action pursuant to 42 U.S.C. § 2000e–16(c). *Belhomme v. Widnall,* 127 F.3d 1214, 1216 (10th Cir.1997). The Supreme Court, however, has held that a federal employee's cause of action pursuant to 42 U.S.C. § 2000e–16 for employment discrimination preempts her claim under 42 U.S.C. § 1981. *Trotter v. Todd,* 719 F.2d 346, 350 (10th Cir.1983) (citing *Great Am. Fed. Sav. & Loan Assoc. v. Novotny,* 442 U.S. 366, 99 S.Ct. 2345, 60 L.Ed.2d 957

(1979); and *Brown v. Gen. Serv. Admin.,* 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976)). As such, Title VII preempts Ms. Peterson's § 1981 claim and dismissal is proper. *Widnall,* 127 F.3d at 1217 (finding district court properly dismissed federal employee's § 1981 claim on the ground that it was preempted by Title VII).

In addition, the defendant contends that Ms. Peterson's § 1981 claims must be dismissed because the statutory scheme protects individuals only from discrimination carried out under color of *state,* not *federal,* law. Indeed, in 1991, Congress amended § 1981 to include the stipulation that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c). Since this amendment, the Tenth Circuit, joining the weight of judicial authority, has held that § 1981 does not protect against alleged discrimination under color of federal law. *Davis–Warren Auctioneers, J.V. v. F.D.I.C.,* 215 F.3d 1159, 1161 (10th Cir.2000). Because Ms. Peterson's allegations target the acts or omissions of Army officials acting under color of federal law, the court must dismiss plaintiff's § 1981 claims.

In short, the court grants the defendant's motion to dismiss Ms. Peterson's claims under § 1981. As a federal employee, Title VII preempts such claims, and alternatively, § 1981 is inapplicable where the challenged conduct was carried out under color of federal law.

## III. Punitive Damages

In her complaint, Ms. Peterson requests punitive damages to remedy the alleged

---

**3.** Additionally, Ms. Peterson does not invoke the protections of § 1981. In her complaint she alleges one count of sexual harassment, one count of discrimination on the basis of her sex, and one count of retaliation under Title VII. She does not allege discrimination

or harassment on the basis of her race. Section 1981 does not apply to claims of sexual discrimination. *Shapolia v. Los Alamos Nat. Lab.,* 992 F.2d 1033, 1036 n. 3 (10th Cir. 1993); *Runyon v. McCrary,* 427 U.S. 160, 167, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976).

acts of discrimination, harassment and retaliation. Defendant argues that a federal employee may not recover punitive damages against his or her employer. The court agrees.

■ As originally enacted, Title VII permits a plaintiff to recover equitable relief in the form of backpay and reinstatement, or front pay in lieu of reinstatement. With the passage of the Civil Rights Act of 1991, a plaintiff may also recover compensatory damages and punitive damages under certain conditions. In particular, a "complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section, in addition to any relief authorized by section 706(g) of the Civil Rights Act of 1964, from the respondent." 42 U.S.C. § 1981a(a)(1). In turn, subsection (b) provides that a "complaining party may recover punitive damages under this section against a respondent (*other than a government, government agency or political subdivision*) if the complaining party demonstrates that the respondent" acted with malice or reckless indifference. 42 U.S.C. § 1981a(b)(1) (emphasis added). The courts have construed this statutory language to preclude an award of punitive damages against the federal government for violations of Title VII. *Terry v. Ashcroft*, 336 F.3d 128, 153 (2d Cir.2003) (affirming district court's dismissal of demand for punitive damages against federal agencies, departments and officials); *Robinson v. Runyon*, 149 F.3d 507, 516 (6th Cir.1998) (holding that the postal service, as a government agency for purposes of Title VII, was exempt from punitive damages); *Baker v. Runyon*, 114 F.3d 668, 669 (7th Cir.1997) (same).

Here, Ms. Peterson seeks to recover punitive damages from a government agency; the Department of the Army.[4] Congress has expressly prohibited plaintiffs from recovery of punitive damages under these circumstances. As such, the court dismisses plaintiff's demand for punitive damages.

### IV. Motion for More Definite Statement

Defendant moves for a more definite statement of the allegation contained in paragraph twenty-one of Ms. Peterson's complaint. In that paragraph, Ms. Peterson alleges:

> Colonel Ammel also engaged in discriminatory conduct towards Plaintiff which included, for example, treating her worse than male employees, treating her like a secretary, micro-managing her work, treating Plaintiff in an aggressive and confrontational manner, refusing to allow Plaintiff to successfully accomplish her job and treating Plaintiff in a demeaning and degrading manner.

Defendant argues that the allegation is overly vague. The court disagrees.

■ A party may move for a more definite statement of any pleading that is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Such motions are disfavored in light of the lib-

---

4. While plaintiff has not expressly stated whether she named the Secretary of the Army in his personal or official capacity, she must necessarily have intended to name him in the latter capacity. *See Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir.1996) ("personal capacity suits against individual supervisors are inappropriate under Title VII."). Official capacity suits represent only another way of pleading an action against an entity of which an officer is an agent; the Army in this case. *Kentucky v. Graham*, 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (distinguishing personal capacity suits from official capacity suits). Thus, Ms. Peterson has, in effect, demanded an award of punitive damages from a government agency.

eral discovery provided under the federal rules and are granted only when a party is unable to determine the issues requiring a response. *Resolution Tr. Corp. v. Thomas,* 837 F.Supp. 354, 355 (D.Kan.1993). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Advantage Homebuilding, LLC v. Assurance Co. of America,* No. Civ. A. 03-2426-KHV, 2004 WL 433914, at *1 (D.Kan. March 5, 2004).

█ Here, the court believes that the allegation is sufficiently specific to enable the government to form a denial or admission of the charged conduct. The allegations in this paragraph describe particular instances of conduct that lead to Ms. Peterson's general conclusion that she was treated differently than similarly situated men. This satisfies the liberal pleading requirements set forth in Fed.R.Civ.P. 8(e). As such, the court denies defendant's motion for a more definite statement.

### CONCLUSION

In the end, the court grants the defendant's motion, in part, and denies it, in part. The court denies the motion to dismiss Ms. Peterson's claims for her alleged failure to exhaust properly her administrative remedies. The court grants the defendant's motion to dismiss plaintiff's § 1981 claims and her demand for punitive damages. The court also denies the defendant's motion for a more definite statement.

**IT IS THE THEREFORE ORDERED BY THE COURT** that defendant's motion to dismiss (Doc. 16) is granted, in part, and denied in part as set forth above.