**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TERI RANSOM, for herself and all
others similarly situated,

      Plaintiff-Appellant,

v

UNITED STATES POSTAL
SERVICE; CHARISE NEWBERRY
WATTS MUSE, Senior Injury
Compensation Control Specialist of
the Western Region,

      Defendants-Appellees.

No. 05-1236
(D.C. No. 04-B-1777)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY, McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Teri Ransom, proceeding pro se here as in the district court, filed a class-action complaint seeking redress for the proposed class of disabled postal employees. She alleged that the class had been discriminated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-1 to 2000e-17, the Americans with Disabilities Act, 42 U.S.C. §§ 12101 to 12213, and the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 to 793.[1] The district court dismissed the complaint for lack of subject-matter jurisdiction because Ms. Ransom failed to exhaust administrative remedies. She did not timely request class counseling, as required by the applicable regulations. We affirm.

*Background*

Ms. Ransom worked for the United States Postal Service from 1980 until 1994, although her retirement was not official until a few years later. In November of 1996 she filed an EEO complaint alleging race and disability discrimination. On March 28, 2000, the Equal Employment Opportunity Commission (EEOC) granted relief on Ms. Ransom's individual claim.

In September and November of 2000, after her individual claim had been resolved, Ms. Ransom filed pleadings seeking relief from the EEOC for everyone

---

[1] Ms. Ransom has abandoned on appeal her claims brought pursuant to the Federal Employees' Compensation Act, the National Labor Relations Act, the Family and Medical Leave Act, the Privacy Act, and "a variety of fraud statutes pursuant to Title 28 and the U.S.C. applicable to each of those laws." R. Doc. 7, at 3. Consequently, we do not address those claims.

in the class of disabled postal workers. Although Ms. Ransom filed these pleadings in the context of her individual case, the EEOC recognized that she was "not appealing the agency's order or any of the findings on her [individual] complaint. Rather, complainant [sought] to file a *pro se* motion asking the Commission for an expedited decision[] and injunctive relief on behalf of other agency employees whom complainant states have also [been] harmed by discrimination." R. Doc. 8, Ex. B, at 2. On November 28, 2000, the EEOC restated its earlier grant of relief on Ms. Ransom's individual claims and informed her that she could not pursue a class action in the appeal of her individual claims. *Id.* The EEOC further stated, "[t]he Commission notes that to the extent complainant seeks to file a class action for other agency employees, she should seek EEO counseling and proceed pursuant to the Commission['s] regulations. *See* 29 C.F.R. § 1614.204." *Id.* Ms. Ransom requested class counseling on September 5, 2001.

The regulations require a claimant desiring relief for a class to "seek counseling and be counseled," 29 C.F.R. § 1614.204(b), "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action," *id.* § 1614.105(a)(1). Failure to comply with these provisions generally requires the agency to dismiss the "entire complaint." *Id.* § 1614.107(a)(2).

The district court concluded that the EEOC's November 28, 2000 direction to Ms. Ransom to seek class counseling pursuant to the applicable regulation was "the latest possible date which could have triggered the 45-day time limit to initiate counselor [contact] in order to file a class complaint." R. Doc. 10, at 6. Accordingly, the district court found that the September 5, 2001 counselor contact was too late, and dismissed her class complaint.

*Discussion*

Federal courts do not have jurisdiction to review Title VII and ADA claims not exhausted administratively. *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004) (Title VII); *Shikles v. Sprint/United Mgmt. Co.*, 426 F.3d 1304, 1309 (10th Cir. 2005) (recognizing that procedural requirements of Title VII and ADA "must be construed identically"). The Rehabilitation Act also includes an administrative exhaustion requirement. *Woodman v. Runyon*, 132 F.3d 1330, 1341 (10th Cir. 1997).[2]

"We review de novo the district court's dismissal for lack of subject-matter jurisdiction." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005).

---

[2] Although a claimant under the Rehabilitation Act is not required to exhaust administrative remedies in the sense of pursuing her claim to the Merit Service Protection Board, she is required to present her claims to the appropriate EEO agency before filing suit. 5 U.S.C. § 7702(a)(2); *Wells v. Shalala*, 228 F.3d 1137, 1142-43 (10th Cir. 2000).

Ms. Ransom is representing herself so we construe her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Ms. Ransom contends that her request for class counseling was timely because her class claims were raised in her 1996 EEO complaint, for which a timely counseling request is not contested. In the alternative, she maintains that her September 5, 2001, class counseling request was timely because it was made within forty-five days of the final ruling by the EEOC on     August 9, 2001, denying her second motion to reconsider.

We have considered the allegations in Ms. Ransom's 1996 EEO complaint. *See* R. Doc. 7, Ex. 2, at 2-3. The brief references made there to the maltreatment of other employees did not qualify as a class complaint. Therefore, any request for counseling pursuant to those claims was for individual counseling only and cannot satisfy the counseling requirement for the class claims. *See Belhomme v. Widnall*, 127 F.3d 1214, 1217 (10th Cir. 1997) (holding that exhaustion of individual Title VII claim is insufficient to exhaust class action claim); *accord Gulley v. Orr*, 905 F.2d 1383, 1385 (10th Cir. 1990) (per curiam).

As noted above, in its decision dated November 28, 2000, the EEOC informed Ms. Ransom to seek class counseling for her class claims raised in September 2000. It is apparent that Ms. Ransom knew in September 2000, when she sought injunctive relief for the class, that the discriminatory matters occurred,

*see* 29 C.F.R. § 1614.105(a)(2), but even if she was not aware of the time limit for seeking counseling, *see id.*, she certainly was made aware of it by the November 28, 2000 EEOC order. Accordingly, we agree with the district court that the latest date to trigger the forty-five-day period in which to seek class counseling was November 28, 2000. Ms. Ransom's class counseling request on September 5, 2001 was too late, and she failed to exhaust her class claims. The district court therefore properly dismissed the complaint.

We also hold that the class complaint warranted dismissal because a pro se cannot litigate on behalf of a class. Defendants did not present this issue to the district court, but first raised it in their appellate brief. Although a federal appellate court generally "does not consider an issue not passed upon below," we may exercise our discretion to address it. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976). We will consider this issue inasmuch as Ms. Ransom has had an opportunity to respond to defendant's brief and there are no factual issues. *See Anixter v. Home-Stake Prod. Co.*, 77 F.3d 1215, 1229 (10th Cir. 1996) (exercising discretion to address issue that required no factual findings and was briefed on appeal).

Generally, a non-lawyer does not possess sufficient legal training or skills to represent others in class litigation. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also* 7A Charles Alan Wright et al., *Federal Practice and*

*Procedure* § 1769.1, at 450 & n.13 (3d ed. 2005) (stating "class representatives cannot appear pro se," and citing cases); 6A *Federal Procedure, Lawyers Edition*, § 12:148, at 213-14 (2004) ("A pro se plaintiff lacking any formal training in the law will not be permitted to represent a class. . . . In addition to the problem of a lack of legal expertise, such a plaintiff is unlikely to be able to demonstrate the financial capacity to conduct the litigation.").

"A litigant may bring [her] own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (finding no abuse of discretion in district court's determination that pro se plaintiff could not adequately represent proposed class). The rule against pro se representation of others is particularly important in class actions because class litigation must comply with the complex and demanding requirements of Rule 23 of the Federal Rules of Civil Procedure. Indeed, Rule 23(g) requires appointment of class counsel, unless otherwise provided by statute. *See also* Rule 23(c)(1)(B) (requiring appointment of class counsel when district court certifies class). Furthermore, a judgment in a class action may foreclose other class members from later bringing the same claims. *See* Rule 23(c)(3). We will not entrust those claims to a non-lawyer. Therefore, because no statute provides otherwise, we hold that Ms. Ransom may not litigate pro se the class action, and the class complaint warranted dismissal on this ground.

Ms. Ransom's class complaint presents claims on behalf of the proposed class only. As noted above, her individual claims were resolved by a final agency decision. Consequently, even though Ms. Ransom could litigate pro se her own claims, there are no individual claims before us. *Cf. Meeker v. Kircher*, 782 F.2d 153, 154 (10th Cir. 1986) (addressing pro se parent's own claims, while not considering his children's claim because parent was pro se). Accordingly, dismissal of the class complaint resolved all claims.

*Conclusion*

Ms. Ransom's motion for appointment of counsel is DENIED. The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge